McLean *v.* Griswold et al.

SAMUEL P. McLEAN, Appellant, *v.* JOHN L. GRISWOLD *et al.*, Appellees.

APPEAL FROM PEORIA COUNTY COURT.

The misjoinder of a *feme covert* as defendant, cannot be cured by entering a *nolle prosequi* as to the wife.

THIS suit was commenced in the court below by John L. Griswold and Matthew Griswold, plaintiffs, against Samuel P. McLean and Eliza J. McLean, and summons returned served upon both.

The Griswolds filed their declaration against both defendants in assumpsit. The first count avers that Samuel P. McLean and Eliza J. McLean executed their promissory note for $615.81, to John King, and John King indorsed and assigned the same to plaintiffs below. The common counts proceed for money paid, money had and received, and account stated.

Samuel P. McLean filed two pleas:

1. General issue.

2. That the defendant, Eliza J. McLean, at the time the note was made, and at the time the promises were made, was, and still is, married to the defendant Samuel P. McLean.

The Griswolds demurred to the second plea, and the court sustained the demurrer, and the defendant, Samuel P. McLean, excepted.

Eliza J. McLean filed a plea of coverture, supported by her affidavit.

The plaintiffs below then dismissed the suit as to Eliza J. McLean.

The plaintiffs below proved the execution of the note, and offered the same in evidence in these words:

Dollars 615.81.                                    *Peoria, Illinois, Sept.* 26, 1856.

        On or before the first day of April, A. D. 1858, we promise to pay to the order of John King, Esq., Six Hundred and Fifteen Dollars and Eighty-one Cents, for value received.

SAMUEL P. McLEAN,
ELIZA J. McLEAN.

To which S. P. McLean objected on the following grounds:

1. That said plaintiffs had no right to proceed with said cause against Samuel P. McLean, the plaintiffs having dismissed their cause as to Eliza J. McLean.

2. Because said plaintiffs having sued two defendants cannot proceed to trial and judgment against one.

3. The plaintiffs have no right to maintain this action.

4. The note is not proper evidence under the pleadings.

But the court overruled the objection and admitted the note in evidence.

The jury found for the plaintiffs below.

The defendant entered a motion for a new trial and in arrest of judgment, both of which motions were overruled.

The court then rendered judgment against Samuel P. McLean for the sum of $319 damages, and the defendant excepted.

McLean appealed to this court, and assigns the following errors:

1. The court below erred in sustaining the demurrer to S. P. McLean's second plea.

2. The court below erred in proceeding with the cause after the plaintiffs below dismissed the suit as to Eliza J. McLean.

3. The court erred in admitting the note in evidence.

4. The court erred in rendering judgment against Samuel P. McLean after dismissing the cause as to Eliza J. McLean.

5. The court below erred in overruling the motion for a new trial.

6. The court below erred in overruling the motion in arrest of judgment.

7. The court below erred in not rendering judgment for the defendant below.

H. GROVE, for Appellant.

N. H. PURPLE, for Appellees.

WALKER, J. The only question presented by this record which we deem it necessary to determine, is whether appellees, by entering a *nolle prosequi* as to Eliza J. McLean, obviated the objection of a misjoinder of defendants. By the plea in abatement, it appeared that she was a *feme covert* at the time the promissory note was made, and was the wife of her co-defendant. In all suits for torts there can be no objection, that all the tort feasors are not joined, or that persons are joined as defendants who are not guilty, but a recovery may be had against the persons who are guilty, and an acquittal of those who are improperly sued. But in actions *ex contractu*, the rule is different, and

the plaintiff must recover against all of the defendants, or against none. To this rule, however, there are some exceptions. The rule is stated by Chitty to be that, "Although in actions of *torts* one defendant may be found guilty, and the other acquitted, yet in actions for the breach of a contract, whether it be framed in assumpsit, covenant, debt, or case, a verdict or judgment in general, cannot be given in a joint action against one defendant without the other. In an action against three persons, two only of whom were liable to be sued, the party not liable, together with one of those who was liable, suffered judgment by default, and the other party pleaded the general issue, and a verdict was found for the defendant who pleaded, on the ground that the plaintiff having declared as upon a promise by three defendants, to entitle him to recover, he should have proved a promise, either ·express or implied, binding upon all three. *  *  *  *  And though a contract be proved to have been in *fact*, made by all the defendants, yet if in point of law it was not obligatory on ·one of the defendants, either upon the ground of infancy or coverture, at the time it was entered into, the plaintiff will be ·nonsuited, and in this instance he cannot avoid the objection by ·entering a *nolle prosequi* as to the infant or *feme covert*, but must discontinue and commence a fresh action, omitting such parties ; in which case, should the defendants plead the nonjoinder of the infant or *feme covert* in abatement, the plaintiff may reply the infancy or coverture." 1 Chit. Pl. 8, Am. Ed. p. 45. In cases where all of the defendants were legally liable at the time the contract was entered into, and some one of them has been discharged afterwards by operation of law, which only protects him individually, leaving the others liable on the contract, as by bankruptcy and certificate, etc., and plaintiff fails on the trial, as to him the plaintiff will not be precluded from recovering against the other parties, or a *nolle prosequi* as to him may be entered upon his plea of personal discharge. While some courts have held, when a plea of infancy was interposed, that the plaintiff may enter a *nolle prosequi* as to him and proceed to judgment against the other defendants, upon the ground that ·the contract of an infant is binding until it is avoided, yet we have been referred to no adjudged case, nor are we aware of any, which has held that such a course may be adopted when the contract has been entered into by a married woman, with other persons. Such a contract as to her, is not merely voidable but is absolutely void. When the coverture is pleaded, it is not interposed as a discharge from a contract once binding, but upon the grounds that no valid contract was entered into by her, when it was executed. Her contract being void, she occupies to it the relation of a stranger to the agreement, and is no more liable

to be sued upon it, than any stranger to it, and if improperly joined in the action, the misjoinder cannot be cured by a *nolle prosequi;* for the same reasons that apply to the misjoinder of other defendants. If the misjoinder in this case may be obviated by entering a *nolle prosequi* as to the *feme covert,* no reason is perceived why the same thing may not be done in every case of misjoinder of defendants. The doctrine has been too long and is too well settled, to be disturbed. The court below erred in permitting appellees to enter a *nolle prosequi* and proceed to judgment against the remaining defendant.

And that judgment must be reversed, and the cause remanded.

*Judgment reversed.*