JOHN YOCUM *et al.*

*v.*

FANNY BENSON.

| 45 | 435 |
|---|---|
| 101a | 2514 |
| 101a | 2515 |
| 45 | 435 |
| 198 | 2569 |

1. PARTNERSHIP — *evidence of — what inadmissible.* In a suit against several, as partners, where a portion of defendants by plea deny the partnership, a paper purporting to contain a list of the stockholders in an association in which appeared the names of the defendants in the handwriting of a former clerk of the association, in the absence of proof that the defendants had any knowledge of the existence of such paper, or that the clerk had any authority to sign their names thereto, was inadmissible as evidence of such partnership.

2. ALLEGATIONS AND PROOF — *as to joint liability of several sued as partners.* In an action against several, as partners, no recovery can be had unless the partnership exists as to all the defendants; and where a portion only of the defendants deny the partnership by plea, a default against the remaining defendants will not dispense with the necessity of proof of partnership as to all.

APPEAL from the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. OLIVER C. GRAY, for the appellants.

Messrs. LELAND & BLANCHARD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellee against Yocum, Jackson, Heister and Paul, the appellants, and sixteen other defendants, all of whom were sued as partners, on a note given in the name of the American Protective Union, No. 642, and signed by two of the defendants as directors.

Sixteen of the defendants were defaulted, but each of these appellants filed a several plea, alleging, that "the said defendant was not a partner in trade with the other defendants in said declaration mentioned." The jury found the issues for the plaintiff, on which finding the court rendered judgment, and the four defendants above named appealed.

On the trial, the court permitted to be read in evidence, against the objections of the defendants, a paper purporting to contain a list of the stockholders in this mercantile association, in which list appear the names of these appellants. It appears the paper, including the signatures, was in the handwriting of a former clerk and member of the association, but no knowledge of the existence of such a paper is brought home to these appellants. We are at a loss to perceive upon what principle of evidence the act of a stranger, in signing their names to a paper, without authority, so far as the proof discloses, can be used to create a liability against them. It is urged by counsel for the appellee, that the making this list was the act of defend ants' clerk, and therefore binding upon them. But the very question in dispute is, whether the person who made the list was the clerk of the appellants. He was undoubtedly the clerk of this association, but whether the clerk of these appellants — that is, whether these appellants were members of the association — cannot be proved by a paper drawn by him, and of which there is no evidence they had any knowledge.

The court instructed the jury for the plaintiff, in substance, that it was admitted by the pleadings, all the defendants except the four appellants were partners in trade under the name of this association, and, if they found these appellants were members of the association, they would find for the plaintiff. Although this instruction may not practically have misled the jury, yet it was technically wrong. The appellants severally denied, in their pleas, that they were in partnership with the other defendants. This was a denial of the partnership alleged in the declaration. It did not admit the existence of another partnership between all the other defendants except the defendant filing the plea, because no such partnership had been averred in the declaration. The existence of the partnership set up in the declaration having been thus denied by a plea verified by affidavit, it devolved on the plaintiff to prove such partnership; and it was error to instruct the jury that the pleas admitted a partnership of any kind, or between any of the defendants. A partnership between all the defendants had been alleged in the declaration as the foundation of the action. That averment being traversed under oath, the plaintiff could recover only by proof of the same partnership laid in the declaration. The default of a part of the defendants does not dispense with proof of their joint liability in order to charge those defendants who pleaded denying the joint liability.

The principle is clearly stated in 1 Chitty, 45, with a reference to the adjudged cases.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*