## EGBERT S. PAGE
### *v.*
## LEOPOLD W. DeLEUW *et al.*

1. PLEA IN ABATEMENT—*confession of.*  Where a party brings suit on a promissory note, executed by several, one of whom was a married woman when she signed the note, and she pleads her coverture, and the plaintiff confesses the truth of the plea, he does not thereby avoid the effect of a misjoinder of parties defendant.

2. MISJOINDER *of parties—effect of.*  Where a married woman is, with others, made a defendant in an action of assumpsit, there is a misjoinder of parties.   And in actions on contract, in general, judgment can not be rendered against one defendant without the other, and this is true, although the contract may be void as to one defendant.   In such a case the plaintiff will be nonsuited, nor can he avoid the effect of the misjoinder by entering a *nolle prosequi* as to the *feme covert*, but must discontinue and commence a new action.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This suit was brought by Egbert S. Page, in the Circuit Court of Morgan county, against Leopold W. DeLeuw, George A. M. Campbell, and Elizabeth F. DeLeuw.   A summons was

issued, returnable to the November term, 1869, which was duly served. A trial was had, resulting in a judgment in favor of the defendants, and the plaintiff brings the record to this court, and assigns errors, and asks a reversal.

Messrs. BROWN & EPLER, for the plaintiff in error.

Mr. OSCAR A. DeLeuw, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, instituted by the plaintiff in error against the defendants, upon a promissory note, of which the following is a copy, viz:

"$1,126.77. JACKSONVILLE, ILL., Jan. 10, 1867.

"On or before the tenth day of July, A. D. 1869, we jointly and severally promise to pay Morton & McLean, or order, eleven hundred and twenty-six 77-100 dollars for value received, with interest at ten per cent per annum from date until paid.

LEOPOLD DeLeuw,
[STAMP.] G. A. M. CAMPBELL,
ELIZABETH F. DeLeuw."

ENDORSED: "Pay to Egbert S. Page.

MORTON & McLEAN."

All the defendants having been brought into court, Leopold DeLeuw and George A. M. Campbell were defaulted, and Elizabeth F. DeLeuw filed her plea of coverture, to which the plaintiff filed a demurrer.

Afterwards, the plaintiff withdrew his demurrer to the plea of coverture by Elizabeth F. DeLeuw, and confessed said plea, whereupon the defendants entered their motion to dismiss the suit, which motion the court sustained, and dismissed the suit.

The plaintiff brings the record here, and assigns for error the dismissing of his suit, and refusing to give judgment against Leopold DeLeuw and George A. M. Campbell.

There was a misjoinder of defendants in this case. In actions for the breach of a contract, a judgment can not, in general, be given in a joint action, against one defendant without the other. And though a contract be proved to have been in fact made by all the defendants, yet if, in point of law, it was not obligatory on one of the defendants, either on the ground of infancy or coverture, at the time it was entered into, the plaintiff will be nonsuited, and in such case he can not avoid the objection by entering a *nolle prosequi* as to the infant or *feme covert,* but must discontinue and commence a fresh action, omitting such parties. 1 Chit. Pl. 8 Am. Ed. p. 45.

In *McLean* v. *Griswold et al.* 22 Ill. 218, this court said: While some courts have held, when a plea of infancy was interposed, that the plaintiff may enter a *nolle prosequi* as to him, and proceed to judgment against the other defendants, upon the ground that the contract of an infant is binding until it is avoided, yet we have been referred to no adjudged case, nor are we aware of any, which has held that such a course may be adopted when the contract has been entered into by a married woman with other persons.

This precise question was adjudged in that case against the claim of the plaintiff, in conformity with the well settled doctrine of the common law.

The judgment is affirmed.

*Judgment affirmed.*