# EDWARD F. THOMAS

*v.*

# HIRAM LOWY.

1. PROMISSORY NOTE—*judgment confessed—coverture—general issue—plea in abatement.* A husband and his wife joined in the execution of a note and power of attorney to confess a judgment, and on the maturity of the note a judgment was confessed thereon, an execution was issued, when a motion was made to set aside the execution, vacate the judgment and permit the parties to plead. The court let the parties in to plead, when they filed the plea of the general issue, and a plea of the coverture of the wife. To this latter plea a demurrer was sustained, and the wife thereupon filed a plea of her coverture in abatement, and the plaintiff moved to strike this plea from the files, but the motion was denied. A trial was had resulting in a judgment in favor of the wife and against the husband: *Held,* the suit was improperly brought against the wife, as she was not legally liable; the joint plea in abatement was obnoxious to a demurrer, as it came too late after the plea in bar.

2. ABATEMENT. That the plea in abatement filed by the wife also came too late, as she had joined her husband in the plea in bar, and it should have been stricken from the files. Matter in abatement must be pleaded before pleas in bar, to be available.

3. It was error to render a judgment against the husband alone, as he was sued jointly with the wife. In suits on contract, a recovery must be had against all or none of the defendants sued.

4. SAME—*evidence.* Evidence of coverture may be pleaded or given in evidence under the general issue, but it can not be allowed except it be proved, and in the absence of such proof on producing the note as it was executed, the plaintiff was entitled to judgment against both defendants.

5. STATUTE—*practice.* Where the execution of a note is not put in issue by a sworn plea, nor evidence that either of the parties was not liable, the act of March 26th, 1869, can have no application. Had the plea of the wife been in bar instead of abatement, thereby failing to answer it, it would have stood as confessed; but being improperly pleaded, and wrongfully in the record, it could not be regarded as establishing the coverture.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. R. W. SMITH, for the plaintiff in error.

Messrs. FULLER & SMITH, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Edward F. Thomas and Harriet C. Thomas, his wife, executed a promissory note payable to West, Austin & Co., due at one year from date, dated the 4th of November, 1869, and for the sum of $1500. The payees afterwards assigned the note to appellee, who, on the 5th day of November, 1870, caused a judgment by confession to be entered in the circuit court of Cook county for the amount of the note and against both Thomas and wife, under a power of attorney given at the same time, and which accompanied the note. On this judgment an execution was issued and levied on property of Thomas. He thereupon applied to the circuit court to set aside the judgment and to quash the execution, upon the ground that he and Harriet C. Thomas were, when the note was given, and continued to be, husband and wife, and the judgment being against them jointly, was erroneous, and had been rendered against the wife wrongfully, as she had no power to execute the note and power of attorney.

The court below entered an order allowing defendants to plead to the declaration, and stayed proceedings under the execution, and directed the judgment to stand until the trial should be had on the merits. Defendants then pleaded the general issue, and in abatement the coverture of Mrs. Thomas. To this latter plea, plaintiff filed a demurrer, which the court sustained. Thereupon Mrs. Thomas filed a plea in abatement, verified by affidavit, that she was, at the time the note was executed, and still was, a *feme covert.* A motion was made to strike this plea from the files, which was overruled.

The case was submitted to the court for trial, without the intervention of a jury, but issue was not taken on the plea of coverture. Plaintiff introduced the note and power of attorney, and rested his case.

33—60TH ILL.

Defendants moved to dismiss the suit, but the motion was overruled, and the issue was found against Edward F. Thomas, and the court assessed the damages against him for $1640, as of the day when the judgment was confessed, and found in favor of Harriet C. Thomas and against the plaintiff.

Defendant Edward F. Thomas, entered a motion for a new trial, which was overruled by the court, and judgment was rendered on the finding, and the record is brought to this court, and a reversal is asked.

That the suit was improperly brought against the wife is manifest, inasmuch as the note was void as to her, she having no power to bind herself by such a contract; and the court having let the defendants in to plead, the trial then should have progressed as though no judgment had been confessed. The joint plea in abatement was obnoxious to a demurrer, as the husband had filed a plea in bar, and the plea in abatement came too late; and the plea in abatement filed by Mrs. Thomas also came too late, inasmuch as she had joined with her husband in the plea of the general issue before filing her plea of coverture to abate the writ, and it should have been stricken from the files. Pleas of this character must be pleaded before pleas in bar are filed, or the matter in abatement can not be relied upon. By the first plea filed, a traverse of the facts in bar of the action was formed, and it was then too late to form issues on matter in abatement.

It is, however, urged that, inasmuch as both husband and wife were sued, it was error to render judgment against the husband alone; that in suits on contract the recovery must be against all or none of the defendants.

The case of *McLean* v. *Griswold*, 22 Ill. 218, was, like the present, against a husband and his wife, and the court below permitted the plaintiff to enter a *nolle prosequi* as to the wife, and to take judgment against the husband. On error brought to this court, it was held to be error, as the judgment should have been against both or neither, and the judgment was reversed.

In *Streeter* v. *Streeter*, 43 Ill. 155, it was held that coverture might be pleaded, or given in evidence under the general issue. But in this case no evidence of coverture was adduced on the trial, and the plea in abatement was out of time and unavailing.

The suit having been jointly brought against both parties, and there being no evidence that Harriet was ever the wife of Edward, the court should have rendered judgment against both, as their signatures were to the note, and its production proved the averments of the declaration and overcame the general issue; and in the absence of countervailing evidence, appellee was entitled to judgment.

We are referred to the act of March 26, 1869 (Sess. p. 370, sec. 2), as bearing on this question, but it can have no application, as the execution of the note was not put in issue by a sworn plea, nor is there any evidence in the record from which it appears that either of the parties is not liable. Had the plea separately filed by Mrs. Thomas been in bar instead of in abatement, their failing to take issue upon it would have operated as a confession of the truth of the averments it contained; but being improperly pleaded, and in the record, the court could not regard it as establishing the coverture.

The court below, in the absence of evidence of the coverture of Mrs. Thomas, erred in finding for her under the plea of the general issue, and the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*