## William L. Brown

### v.

### Horace A. Tuttle et al.

*Practice—Default as to One of Two Defendants—Discontinuance as to the Other—Material Amendment—Right of Remaining Defendant to Plead.*

1. Where two or more are sued jointly *ex contractu*, the recovery must be against all or none of the defendants.

2. After a default by one of two defendants who have been sued jointly *ex contractu*, the plaintiff can not discontinue as to the other and so amend the declaration as to change a joint liability to a several and individual one, and then enter judgment without notice against the defendant who has suffered a default.

3. After such material amendment a refusal to allow the remaining defendant to plead to the declaration as amended, is error.

[Opinion filed December 7, 1888.]

Appeal from the Supreme Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. Frederic Ullmann, for appellant.

Messrs. Gorton & Blaine, for appellees.

Moran, J.  Appellees brought an action against appellant

impleaded with A. B. Meeker. Meeker filed a plea of non-assumpsit, and on his motion a bill of particulars was ordered, which, when filed, showed an account between A. B. Meeker & Company and Tuttle, Masters & Company. After the filing of said bill of particulars appellant was defaulted, and at the January term, 1888, plaintiff discontinued the cause as to A. B. Meeker, without notice to appellant and without taking any rule on him to plead, and, without making any change in the declaration, damages were assessed and a judgment entered against him. At the same term appellant moved to set aside the judgment, but the court refused said motion, but on a cross-motion ordered that the name of Meeker and the word co-partners be stricken from the declaration wherever they occurred therein, and that such other amendments be made therein as might be necessary to show that said declaration was against Wm. L. Brown individually. Thereupon appellant asked leave to plead to the amended declaration, but the court denied such leave.

We are of opinion that the course of practice adopted by the court below in this case was irregular. The action, as it stood at the time Brown was defaulted, was for a joint liability against Meeker and himself. Had the proof shown that such joint liability did not exist it would have been fatal to plaintiff, for the rule is where two or more are sued jointly *ex contractu*, the recovery must be against all or it can be against none.

Brown might be willing to let a judgment go against himself and Meeker; he might have no defense to such action, and yet, after the suit was dismissed against Meeker, he might have a defense by a plea in abatement, because Meeker was not joined with him. He should have been allowed an opportunity at some stage of the proceedings to plead to the amended declaration, and as he had no notice of the dismissal of Meeker, and had not been ruled to plead before judgment, leave should have been given him to plead when the amendment in the declaration was actually made. To dismiss one of two persons sued jointly out of the action, and so change the declaration as to charge a several and individual instead of a joint liability, is to make a material amendment.

When such a material amendment is made in the declaration the defendant has the right to plead to the declaration as so amended, and a refusal to permit him to do so is error. McCarthy v. Neu, 91 Ill. 130; Griswold v. Shaw, 79 Ill. 449; Johnson v. Glover, 20 Ill. App. 588.

The court erred in refusing to allow appellant to plead to the declaration when amended, and for such error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*