## Henry P. Newman v. August Jacobson.

1. APPELLATE COURT PRACTICE—*Abstracts.*—A party bringing a case to this court must furnish and file a complete abstract or abridgment of the record. The intention of the rule is to require a presentation in the abstract, in substance, of those parts of the record upon which error is assigned.

Debt for Rent.—Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

L. S. HODGES, attorney for appellant.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is one of the cases in which enforcement of rules is unaccompanied by regret.

The appellant had occupied rooms of the appellee for several months, refusing to pay rent for them. The case was tried without a jury. The brief of the appellant is wholly to show that the court erred in the finding and judgment for the appellee because of a partial eviction of the appellant by the appellee; yet the abstract does not show the amount of the finding or judgment; nor anything as to the pleadings, further than, " Declaration in debt for rent of certain premises." " Plea, eviction of defendant by plaintiff." " Replication to plea of eviction."

Whether it was debt for use and occupation—on a demise —or upon a covenant to pay rent, is left in the dark. Whether the eviction pleaded was actual or constructive— of the whole, or a part, of the premises, or of some easement or appurtenance, is also so left.

What replication was made to the plea, we are not informed.

Perhaps no evidence shown by the abstract related to the issue joined. The appellant asks us to decide that a plea of eviction was proved, without showing us what it alleged.

The defense is not one that awakens any sympathy, and without repeating, we adopt so much of the opinion in Flaningham v. Hogue, 59 Ill. App. 315, as is applicable to this case, and affirm the judgment.