## Frank B. Pease v. John M. Appleton et al.

1. JOINT LIABILITY—*If Alleged Must Be Proved.*—It is a rule of universal application, that at the common law, the plaintiff in all actions *ex contractu*, must, to recover, establish his cause of action against all of the defendants.

Assumpsit, on the common counts. Error to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed April 18, 1898.

W. M. McEWEN, attorney for plaintiff in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Defendants in error sued plaintiff in error and five others in assumpsit, and declared against them jointly. Plaintiff in error and three of the other defendants were served. Plaintiff in error suffered judgment by default for want of a plea, and each of the three other defendants pleaded the general issue and also a special plea verified by affidavit, denying joint liability.

The jury found the issues for the three defendants who pleaded, and assessed as damages against plaintiff in error the sum of $2,477.16, and judgment was rendered in favor of the defendants who pleaded and against defendants in error for costs, and in favor of defendant in error and against plaintiff in error for the sum of $3,477.16.

The judgment is clearly erroneous. "It is a rule of universal application that, at the common law, the plaintiff in all actions *ex contractu* must, to recover, establish his cause of action against all of the defendants." Griffith v. Furry, 30 Ill. 251; see also McLean v. Griswold, 22 Ill. 218; Cassady v. Trustees of Schools, 105 Ill. 560; Supreme Lodge A. O. U. W. v. Zuhlke, 129 Ill. 298; Kingsland v. Koeppe, 137 Ill. 344; Brown v. Tuttle, 27 Ill. App. 389; Fisk v. Carbonized Stone Co., 67 Ill. App. 327; Newman v. Jacobson, 67 Ill. App. 639.

The fact that judgment went against plaintiff in error by default, did not relieve the plaintiff below of the burden of proving a joint cause of action against all the defendants. The suffering judgment by default is merely "a confession of the truth of the averments properly pleaded" (Chicago & N. W. Ry. Co. v. Coss, 73 Ill. 394), and as the declaration merely avers the liability of plaintiff in error jointly with the other defendants to the action, such joint liability only, and not a separate liability, is admitted by the default. The distinction is substantial and important. If judgment were rendered against plaintiff in error jointly with the other defendants, and he should pay the whole judgment in satisfaction of an execution, he would be entitled to con-

tribution from his co-defendants; but, in case of payment by him of a separate judgment against him, he would have no claim for contribution. The judgment is so erroneous in law that even if defendants in error, who were partially successful in the trial court, were plaintiffs in error here, we would be compelled to reverse it. Kingsland v. Koeppe, and Fisk v. Carbonized Stone Co., *supra*.

The judgment is reversed and the cause remanded.