### M. W. Powell Co. v. Joseph M. Finn et al.

1. PRACTICE—*Under Pleas of Non-joint Liability.*—In an action against a syndicate, under pleas of non-joint liability by several of a number of the defendants, it is incumbent upon the plaintiff to show a joint liability of all the defendants, including any defaulted, before there can be a recovery, without an amendment of the pleadings, and a dismissal as to any of the defendants not shown to be jointly liable with their co-defendants.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed April 10, 1902.

M. W. Powell Co. v. Finn.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, attorneys for appellant.

STEIN & PLATT, EDWARD MAHER, R. F. KOLB and KRAUS, ALSCHULER & HOLDEN, attorneys for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant, a corporation, brought assumpsit against the appellees, Finn and thirty others, who, it is alleged, constituted the members of a voluntary association known as the La Grange Land & Improvement Association, of which the Title Guarantee & Trust Co. was trustee under certain articles of association entered into between twenty-three of the appellees and Robert A. Helliwell and Edward Carqueville as members of the association. The other two were made defendants and pleaded the general issue and separate pleas denying joint liability. They afterward died, their death was suggested, and the cause ordered to proceed against the remaining defendants, all of whom entered their appearance by attorneys and pleaded, though sixteen of them were subsequently defaulted for want of plea, the declaration having in the meantime been amended by striking out the two original special counts of which it consisted, besides the common counts, and substituting two new counts in lieu of the special counts. Certain of the appellees who pleaded and took part in the trial by counsel, claim that nine of the defendants were not served and did not enter their appearance, but the record shows otherwise. The record shows that the appellees Finn, Treat, Peck, Gunthorp, Ellen E. Helliwell and Abraham R. Levy pleaded the general issue and pleas of non-joint liability verified, but the abstract fails to show that issue was taken upon the pleas of the latter two, though the bill of exceptions shows they appeared by counsel and took part in the trial, making no objection. The remaining defendants, Levenkind, Bullen, Wilkie, Quinn, Baines, Mattie Pearce and W. H. Pearce, do not appear from the abstract to have been

defaulted, though it appears that the defendants were ruled
to plead to the plaintiff's amended declaration with ten
days from January 7, 1896. The record fails to show that
these defendants subsequently filed any pleas.

A trial before the court and a jury resulted in verdict for
the defendants, which was directed by the court at the close
of the plaintiff's evidence, no evidence having been offered
by the defendants, and a judgment thereon, from which
this appeal is taken.

The original declaration, as well as the two amended spe-
cial counts, alleges that the defendants jointly, as partners,
entered into a contract, dated June 16, 1893, with the
plaintiff, for the laying of a certain cement sidewalk on the
property of said association at Congress Park, setting out
the alleged contract *in haec verba*, the amount of sidewalk
ordered under the contract and the times and amounts of
payments therein provided, the building of certain sidewalk
and breach of the contract by defendants by failure to pay
therefor.

Under the pleas of non-joint liability by the six defend-
ants above mentioned, it was incumbent upon the plaintiff
to show, by its evidence, a joint liability of all the defend-
ants, including those who were defaulted, before there
could be a recovery without an amendment of the plead-
ings, and a dismissal as to any of the defendants who were
not shown to be jointly liable with their co-defendants.
Davis v. Scarritt, 17 Ill. 202; Griffith v. Ferry, 30 Ill. 251;
Yocum v. Benson, 45 Ill. 435; Pease v. Appleton, 75 Ill.
App. 346.

The statute of this State relating to this subject (Ch. 110,
Sec. 36) is as follows:

" In actions upon contracts, expressed or implied, against
two or more defendants, as partners or joint obligors or
payors, whether so alleged or not, proofs of the joint lia-
bility or partnership of the defendants, or their christian
or surnames, shall not, in the first instance, be required to
entitle the plaintiff to judgment, unless such proof shall be
rendered necessary by pleading in abatement, or unless the
defendant shall file a plea in bar denying the partnership or

joint liability, or the execution of the instrument sued upon, verified by affidavit."

In the Griffith case, *supra*, this statute was construed, and the court, after stating that at common law the plaintiff in actions *ex contractu* must, to recover, establish by the proof his cause of action against all the defendants, says:

"The statute does not seem to contemplate any change in the rules of evidence, but simply to authorize a recovery against such defendants as were served. The defendants jointly sued, a joint cause of action is described, and no reason is perceived why the *allegata* and *probata* should not correspond, as though both defendants had been served. This enactment does not authorize a plaintiff to sever the defendants on a joint liability, but only permits a several recovery, on a failure to procure service on all of the defendants. The proof should be the same as if all were served, before a recovery can be had against any of the defendants. The plaintiff, to recover, must make out his cause of action as laid in his declaration. If it were not so, the plaintiff might recover on a several claim, against the defendants upon whom there is service, as well as upon the joint claim, and might then by *scire facias* make the other defendant a party to the judgment, if not in whole, at least in part. If only in part, it would present the anomaly of a judgment partly joint and partly several. If he could be made a party to the entire judgment, then he would become liable for his co-defendant's separate liability. If such a judgment were recovered, and was not altogether joint, it would violate the practice requiring all judgments to be a unit. The legislature could not have designed such a change in the practice. The execution of the note not having been properly proved, it was improperly received in evidence, and the judgment must be reversed and the cause remanded."

In the Yocum case, *supra*, which is closely analogous in several respects to the case at bar, a large number of the defendants being in default and the suit being upon an alleged subscription paper purporting to be signed by all the defendants, the court say:

"The court instructed the jury for the plaintiff, in substance, that it was admitted by the pleadings, all the defendants except the four appellants were partners in trade under the name of this association, and, if they found these

appellants were members of the association, they would find for the plaintiff. Although this instruction may not practically have misled the jury, yet it was technically wrong. The appellants severally denied, in their pleas, that they were in partnership with the other defendants. This was a denial of the partnership alleged in the declaration. It did not admit the existence of another partnership between all the other defendants except the defendant filing the plea, because no such partnership had been averred in the declaration. The existence of the partnership set up in the declaration having been thus denied by a plea verified by affidavit, it devolved on the plaintiff to prove such partnership; and it was error to instruct the jury that the pleas admitted a partnership of any kind, or between any of the defendants. A partnership between all the defendants had been alleged in the declaration as the foundation of the action. That averment being traversed under oath, the plaintiff could recover only by proof of the same partnership laid in the declaration. The default of a part of the defendants does not dispense with proof of their joint liability in order to charge those defendants who pleaded, denying the joint liability."

Earlier cases cited by appellant do not, in our opinion, conflict with the cases cited *supra*, and if it could be said they do, they must yield to the later expressions of the Supreme Court.

From the evidence it appears, among other things not necessary to be stated, that twenty-five of the defendants, including the two who died pending the suit, entered into articles of association January 3, 1892, making the Title Guarantee & Trust Company their trustee, for the purpose of accumulating a fund to purchase, improve and dispose of certain real estate, and to make a division of the profits of the undertaking among the shareholders. The association was what is popularly known as a syndicate. The articles provide for a president, vice-president, secretary and treasurer, and a board of directors; for the issuance of certificates of stock to the parties organizing the association and who might thereafter become interested, according to their interests; the stock was $100,000 in shares of $5 each, which was agreed to be personal property; all power and authority in the management and control of the affairs of

the association is vested in the board of directors, including the power to make contracts for improvements, work, material, services, and for other purposes authorized by the articles, and to create liabilities for the association, with the limitation, however, that " no action of the board of directors shall be taken which will create any personal liability on the shareholders," and the title to the real estate was to be taken in the name of the trustee, which was to issue stock as might be directed by the president and secretary. The by-laws of the association made its president general manager, and he was authorized to make contracts on its behalf after first receiving the consent of the board of directors. The contract under which the plaintiff claims to recover was made between the plaintiff and the association, acting through its president and secretary, but there is no evidence that the board of directors ever gave any consent to the making of the contract. Pursuant to this contract, plaintiff built sidewalk on the syndicate land, the bill for which was O-K'd by the president, and which he repeatedly promised to pay, amounting, with interest, at the time of the trial, to $6,325.47.

Under the pleadings, in view of the authorities above quoted, it was necessary to a recovery that plaintiff prove that each of the defendants was a partner, and that the contract on which the claim for recovery was based was executed by persons authorized to act for the partnership. No claim is made based on the common counts as for work done and materials furnished, of which the defendants have had the benefit, nor could such a claim be sustained under the evidence. As has been stated, the articles of association were made January 3, 1893, which would prove that twenty-three of the defendants were partners, assuming that the evidence shows it was executed by them all, which is questioned by appellees, but the point need not be decided. The contract for the doing of the work was not made until June 16, 1893, and was only signed by the president and secretary of the association, who were not empowered to act for the association except by consent of the

board of directors, which is not shown to have been given. Moreover, there is no evidence that the defendants Pfanschmidt, W. H. Pearce or Wilkie had any connection with the association until August 14th, August 17th and September 22, 1893, respectively, on which dates it appears from the stub of the association's stock book that shares of stock in the association purport to have been issued to them. No other connection of these three defendants with the association is shown, and therefore they were not partners with the other defendants until long after the making of the contract between plaintiff and the association, assuming that such contract is valid, and that this evidence is sufficient to show that they had become partners. It is elementary that they would not thereby become liable for debts previously contracted without an express agreement to that effect, which was not shown. But this evidence is not sufficient to show that they became members and stockholders of the association. There is no evidence that these three defendants ever had any knowledge of these stubs or of the certificates of stock purporting to have been issued to them, or that the stock ever came to their possession. Therefore they were not partners with the other defendants as to this transaction.

It is claimed by appellees that the evidence to connect several other of the defendants with the association is insufficient, notably as to Peck, Gunthorp, Abraham Levy and Mrs. Ellen E. Helliwell, but we deem it unnecessary to consider the claims, by reason of the insufficiency of the evidence as to the other three defendants before mentioned, and as to the authority of the president and secretary to make the contract as to all the defendants except as to themselves personally.

We therefore think the learned trial judge committed no error in directing a verdict for the defendants.

It is claimed, however, that the court erred in excluding certain portions of the deposition of the witness Seymour H. Levy, in which he stated that money was paid into the association for certain of the subscribers. It is a sufficient

answer to this claim that none of this evidence, so excluded, related to either of the defendants Pfanschmidt, W. H. Pearce or Wilkie, and was therefore, if there was error in any of such rulings, which we do not decide, not prejudicial.

Upon the whole record it seems clear the plaintiff has failed to establish a right of recovery as to all of the defendants, and therefore under the pleadings, the judgment is correct and is affirmed.