## Carl V. Wisner, Defendant in Error, v. Cornelia H. Catherwood et al., Plaintiffs in Error.

### Gen. No. 26,988.

1. JUDGMENT—*entry of default against one of joint defendants after dismissal as to others without amending.* Where a suit was brought against four parties under a declaration alleging only a joint liability and, at a time when all the defendants were in default, a default was entered against each of two defendants and, later, on motion of plaintiff, suit was dismissed as to the other two, no amendment of the declaration having been made, the judgment entered on such default was erroneous.

2. PARTIES—*action against less than all of joint obligors.* The rule that an intermediate number of joint obligors, more than one or less than all, cannot be sued upon the joint obligation, has not been changed or modified by section 39 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 39).

3. JUDGMENT—*effect of default as to part of joint defendants.* A default taken against two only of four defendants sued as joint obligors admitted only the cause of action as stated in the declaration at the time default was entered and did not authorize the submission of proof of a different cause of action or of a liability different in kind or amount from that stated in the declaration as it existed when default was entered.

4. APPEAL AND ERROR—*entry of judgment by default against part of joint defendants prejudicial error.* Permitting judgment by default against two only of four defendants under a declaration alleging only a joint obligation constituted prejudicial error as to the defendants against whom the judgment was taken.

Error to the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed June 26, 1922.

LANDON & HOLT, for plaintiffs in error.

WISNER & WALSH, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

By suing out this writ of error to the circuit court

of Cook county defendants Cornelia H. Catherwood and Maude H. Catherwood seek to reverse a judgment of that court entered against them and in favor of plaintiff for the sum of $7,620.18. Plaintiff brought an action in assumpsit against the defendants named and Naomi Catherwood Hokanson and Nels M. Hokanson. Personal service of summons was had on all four defendants. The declaration, consisting of the common counts, charged that all four defendants were jointly indebted to plaintiff in the sum of $17,000.

In an affidavit in support of the declaration plaintiff stated that his demand against all the defendants was for "professional and legal services rendered to and expenses incurred and paid out for said defendants * * * in the matter of the real and personal property interests of said defendants in," etc.

No one of the defendants filed an appearance or any plea or demurrer to the declaration. July 28, 1920, the default of Cornelia H. Catherwood and Maude H. Catherwood, two of the defendants, was entered of record. At this time the other two defendants were in default and the same order could have been entered against them.

December 18, 1920, on motion of plaintiff the suit was dismissed as to defendants Nels M. Hokanson and Naomi Catherwood Hokanson, and on the same date and by the same order a reference was had to the court to assess plaintiff's damages against Cornelia H. Catherwood and Maude H. Catherwood, who had been defaulted, and a judgment was entered against them.

For the defendants who appeal it is asserted that in an action *ex contractu* against several defendants, it is error to enter a judgment against more than one defendant and less than all, and that the default entered against the two defendants only admits such facts as are pleaded in the declaration; that if the cause of action stated in a declaration is changed by

an order of court after default, notice should be given to the defendants in default for a rule on them to plead before judgment can legally be entered against them. The position taken by defendants is well supported by numerous cases decided by the courts of review of this State. This rule was laid down in the case of *Russell v. Hogan*, 2 Ill. (1 Scam.) 552, and has been adhered to in a line of decisions down to the present time.

In the case of *Scanlon v. People*, 95 Ill. App. 348, the court said:

"The declaration alleges that all three of the defendants, including Dowling, executed the bond. The declaration was not amended in that respect. There being, therefore, three obligors, all living, so far as appears, but as to one of whom the suit had been discontinued, the nonjoinder of Dowling appeared on the face of the declaration, and the other defendants were not obliged, in order to avail themselves of it, to bring the fact to the notice of the court by a plea in abatement, as otherwise would have been required. The record shows, as it now stands, a joint and several bond executed by three persons, presumably all living, only two of whom are sued. Such suit cannot be maintained, neither one nor all, but an intermediate number having been sued."

A similar situation confronts us in the present case. The record here shows that the suit was discontinued or dismissed as to two of the defendants, who in the declaration were charged with being jointly liable with the two defendants against whom judgment was taken. No attempt was made in the present case to amend the declaration or to charge a liability against the four persons sued other than a joint one. On the face of the declaration it is charged that all four defendants were jointly interested in and liable for the services alleged to have been rendered by the plaintiff.

In the case of *Sinsheimer v. William Skinner Mfg. Co.*, 165 Ill. 116, the Supreme Court said:

"In an action on contract, if it appears from the face of the declaration, or of any other pleading on the part of the plaintiff, that a person not made defendant in the suit was a joint contractor with the defendant, and that such person is still living (as he must be presumed to be unless the contrary is alleged), the nonjoinder of him is a good ground of demurrer or motion in arrest of judgment, and (if judgment be given for the plaintiff) may assign for error, for in this case the pleading of the plaintiff himself shows that he has no right to recover in the suit as it is brought, and as the mistake appears on the record by his own showing, there is no need of the defendant's pleading it."

All four of the defendants sued were in default and so far as the record shows were all alive at the time the judgment was taken against the two defendants who appeal.

The Supreme Court held in *Tandrup v. Sampsell,* 234 Ill. 526, that:

"The liability of several joint obligors under section 3 of chapter 76 of the Revised Statutes of 1905 is both joint and several. Thus the liability of obligors and covenanters, under the law, has a double aspect,— that is, a joint liability and a several liability. The promisee may elect to sue one only of the several obligors. In such case the suit is brought to enforce the several liability, and the whole proceeding is governed by the same procedure as though the contract was the several contract of the person sued, or the promisee may sue all of the joint makers upon their joint liability; but it has often been decided that an intermediate number more than one and less than all cannot be sued, for the reason that the promisee must either elect to treat the contract as the several contract of each or the joint contract of all."

The general rule so frequently announced by the Supreme Court of this State was not, so far as the question under consideration is concerned, changed or modified by the enactment of section 39 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 39], which provides that

at any time before final judgment amendments may be
allowed, introducing new parties to a suit or discon-
tinuing the suit as to any joint defendant and permit-
ting a change in the form of action. This statute per-
mits a plaintiff by proper amendment to change the
form of action begun by discontinuing as to parties
sued, or by adding new parties to the suit. The stat-
ute, as we read it, requires that an amendment be
made under the order and direction of the court per-
mitting a change in the pleading and process.

In the case of *Kingsland v. Koeppe*, 137 Ill. 344, de-
cided in 1891, after the passage of the statute referred
to, the Supreme Court said:

"As was said in the first part of this opinion, judg-
ment was rendered against one of the defendants by
default, and on the trial the court found in favor of the
other defendants, and judgment was rendered in their
favor against the plaintiffs. The plaintiffs now as-
sign as error the rendition of judgment in their favor
against one of the defendants, while judgment was ren-
dered against them in favor of the other defendants.
This error is well assigned. (*Thayer, Aldrich & Co.
v. Finley*, 36 Ill. 262.) The action was brought on a
joint contract, and the general rule in such cases is,
judgment must be rendered against all or none."

This opinion was followed in the case of *Merrifield
v. Western Cottage Piano & Organ Co.*, 238 Ill. 526,
where the Supreme Court said:

"As has been repeatedly held, when an action is
brought on a joint contract the rule is that the judg-
ment must be rendered against all the defendants or
none (*Kingsland v. Koeppe*, 137 Ill. 334), unless a de-
fense is interposed by one or more of the defendants
personally, of such character as infancy, bankruptcy
or the like, and then the defense must be alleged and
proved."

We do not regard the case of *Teich v. Ayer*, 213 Ill.
App. 41, as attempting to modify the rule laid down
by the Supreme Court in numerous cases. In the
*Teich* case the court said, with reference to the gen-

eral rule that judgment must be against all who are served or appear or none, that:

"While that proposition may be true under some circumstances, standing alone, it is a very inaccurate statement."

It may be conceded that this general rule is subject to certain exceptions, but we do not think that the present case is within any such exception. The record before us shows only that the suit was dismissed as to two of the defendants who were charged jointly with the two against whom judgment was taken. No attempt was made in any particular to amend the pleadings or process.

In the *Merrifield* case, *supra,* the Supreme Court appears to have been of the opinion that under such circumstances judgment must be rendered against all of the defendants or none, "unless a defense is interposed by one or more of the defendants personally, of such character as infancy, bankruptcy or the like, and then the defense must be alleged and proved." There is nothing before us which shows that the defendants dismissed out of the case were in fact unnecessary parties. Quite the contrary appears on the face of the declaration, where it is charged that the four defendants were jointly liable to plaintiff for services rendered for their joint benefit. There can be no doubt that under section 39, ch. 110, Ill. Rev. St. [Cahill's Ill. St. ch. 110, ¶ 39], the plaintiff had a right to dismiss as to any number of the defendants sued and to change the form of the action brought either in form or substance, but this change should have been accomplished by proper amendment. The default of the two defendants against whom judgment was taken admitted the cause of action stated in the declaration as it was at the time default was entered. The default did not authorize the plaintiff to thereafter submit proof of a different cause of action or of a liability different in kind or amount from that stated in the

declaration as it existed at the time the default was entered.

In the well-considered case of *Brown v. Tuttle,* 27 Ill. App. 389, decided in 1888 (section 39 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 39] was enacted in 1872), the court, speaking through Mr. Justice Moran, said:

"Plaintiff discontinued the cause as to A. B. Meeker, without notice to appellant, and without taking any rule on him to plead, and, without making any change in the declaration, damages were assessed and a judgment entered against him. * * * Brown might be willing to let a judgment go against himself and Meeker; he might have no defense to such action, and yet, after the suit was dismissed against Meeker, he might have a defense by a plea in abatement, because Meeker was not joined with him. He should have been allowed an opportunity at some stage of the proceedings to plead to the amended declaration, and as he had no notice of the dismissal of Meeker, and had not been ruled to plead before judgment, leave should have been given him to plead when the amendment in the declaration was actually made. To dismiss one of two persons sued jointly out of the action, and so change the declaration as to charge a several and individual instead of a joint liability, is to make a material amendment."

We are unable to agree with counsel for defendant in error that the record shows no error prejudicial to the plaintiffs in error. It should be borne in mind that the plaintiff has brought an action *ex contractu* against four defendants. On the face of the declaration the action is against four persons alleged to be jointly liable to plaintiff. This appears also by the affidavit filed in support of the declaration.

In the case of *Pease v. Appleton,* 75 Ill. App. 346, suit was brought against five defendants jointly. One of the defendants was defaulted for want of plea; judgment was entered against him and in favor of the other four defendants. The court in an opinion by

Mr. Justice Adams held that this was error; that suffering a judgment by default merely amounted to "a confession of the truth of the averments properly pleaded"; that the default admitted the joint liability only of the person against whom judgment was taken; and that:

"The distinction is substantial and important. If judgment were rendered against plaintiff in error jointly with the other defendants, and he should pay the whole judgment in satisfaction of an execution, he would be entitled to contribution from his codefendants; but, in case of payment by him of a separate judgment against him, he would have no claim for contribution. The judgment is so erroneous in law that even if defendants in error, who were partially successful in the trial court, were plaintiffs in error here, we would be compelled to reverse it." *Corn Planter Refining Co. v. George R. Jenkins & Co.,* 217 Ill. App. 139.

The judgment of the circuit court is reversed and the cause remanded to that court.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.