JAMES M. ARCHER, appellant *v.* JAMES H. SPILLMAN and EDMUND D. F. REED, appellees.

2 553
94a ²252

*Appeal from Edgar.*

Where the record of a cause stated that "the defendant filed his plea, and the plaintiff joined thereto," but the plea and joinder were not on file, and copies of the same were not given in the record: *Held* that the inference was, that the issue was an issue to the country.

Where an issue of fact is joined in an action, the cause must be tried by a jury, unless the parties expressly agree that it shall be tried by the Court; and in such case the agreement should be stated on the record.

Where the pleadings in a cause are lost, the Court should permit the parties to plead *de novo.*

THIS cause was heard at the March term, 1839, of the Edgar Circuit Court, before the Hon. Justin Harlan.

E. B. WEBB, for the appellant.

O. B. FICKLIN, for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt* brought in the Edgar Circuit Court, by Spillman and Reed, on a sealed note, against Archer.

(1) Breese 139.

2U

The declaration is in the usual form.   It appears from the record, that at the March term, 1839, of the Circuit Court, the parties appeared by their attorneys, and the defendant filed his plea herein, and plaintiffs joined thereto.

The record further states that the plea of the defendant, and joinder of the plaintiffs, are not on file in the clerk's office, and copies of the plea and joinder are not given in the record.   It further appears from the record, that the Court consider and adjudge that the plaintiffs recover of the defendant their debt and damages; but does not show in what manner the Court disposed of the issue, as no jury was called to try it; and no order is entered that the parties agreed that the issue should be tried by the Court. Several errors have been assigned, but it is only necessary to notice the following, to wit, The Court erred in not calling a jury to try the issue joined.   This was clearly erroneous, although the nature of the issue is not stated in the record, yet the clear inference is, that an issue of fact was joined between the parties, which could only be tried by a jury.   The parties might, under the statute, have authorized the Court to try the issue; but had they done so, it ought to have appeared on the record.   For this irregularity in the proceedings, the judgment is reversed with costs, and the cause remanded for trial on the issue joined between the parties.  To remedy the difficulty that may exist, in consequence of the loss of the plea, this Court is of opinion that the defendant below should be permitted to file a plea *de novo.*
  *Judgment reversed.*