MURRAY McCONNEL, impleaded with ALFRED W. PAR-SONS, appellant, *v.* THOMAS SWAILES, appellee.

*Appeal from Morgan.*

The dismissal of an appeal, or *certiorari*, is equivalent to a regular, technical affirmance of the judgment of the Court below, so as to entitle the party to claim a forfeiture of the bond, and have his action therefor.

In entering up a judgment in an action of debt, upon an appeal or *certiorari* bond, the judgment should be for the penalty, the debt, *in numero*, to be discharged by the payment of the damages actually assessed, either by the jury or the clerk, upon the breaches assigned. The execution issues for the debt with the endorsement of the clerk of the damages assessed; and the officer can collect only the amount so assessed. It is error to enter up a judgment for both the penalty and the damages.

Where a suit is brought against several joint debtors, and all are served with process, judgment must be recovered against all or none, unless one or more of the defendants interpose a defence which is personal to himself, such as infancy or bankruptcy.

*Semble,* That the obligation in an appeal bond is both joint and several, and either of the obligors may be proceeded against separately.

Where process is served on two defendants, and one demurs to the declaration, the other making no appearance, and the demurrer is overruled, and damages assessed by the clerk against the party demurring, and judgment is rendered thereon against him only, the judgment will be reversed, and the cause remanded with directions to render judgment against both defendants.

THIS cause was heard in the Court below, at the November term, 1839, before the Hon. William Thomas.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

J. LAMBORN, for the appellee.

BREESE, Justice, delivered the opinion of the Court: (1)

Thomas Swailes, the appellee in this case, commenced an action of *debt* in the Circuit Court of Morgan county, at the October term, 1838, against Alfred W. Parsons and Murray McConnel, upon a bond executed by them, on obtaining a *certiorari*, to bring up a judgment rendered before a justice of the peace, against Parsons, and in favor of Swailes.

The summons was duly served upon both defendants, and the declaration, in the usual form, assigned as a breach of the condition of the bond, the non-payment of the debt and costs, recovered before

(1) Wilson, Chief Justice, was not present on the argument of this cause.

McConnel *v.* Swailes.

the magistrate, and concludes with a prayer of damages laid at twenty-five dollars.   To this declaration there was a demurrer, by McConnel alone, which was sustained, and leave given to amend. To the amended declaration a demurrer was also filed by the same party, and judgment rendered thereon for the plaintiff, against Mc-Connel only, for the debt in the declaration mentioned, and an order entered directing the clerk to assess the damages, which he did, to fifty-nine dollars and ninety-six cents.   The final judgment is entered up in the following form :  " Therefore it is considered and adjudged by the Court, that the plaintiff recover  of the defendant McConnel, his debt and damages aforesaid, in manner and form aforesaid assessed, and also his costs herein expended."

An appeal was prayed for and allowed from this judgment, and the following errors are assigned, as appearing upon the record:

The Court erred, First, In rendering judgment against McConnel alone, and not against McConnel and Parsons, both being sued, and both served with process ;

Secondly, In rendering a judgment against McConnel, for one hundred dollars debt, and for fifty-nine dollars and ninety-six cents damages ;

Thirdly, In rendering the judgment in manner and form as set forth in the record ;

Fourthly.   In overruling the demurrer of McConnel to the amended declaration ; and

Fifthly, In deciding that the dismissal of an appeal, or writ of *certiorari*, was an affirmance of the judgment in the Circuit Court.

The second and third errors assigned run into each other, as do also the fourth and fifth, and will be considered accordingly.

This Court does not entertain a doubt, but that the dismissal of an appeal, or *certiorari*, is equivalent to a regular, technical affirmance of the judgment, so as to entitle the party to claim a forfeiture of the bond, and have his action therefor.   The bond given in such case, is conditioned " to pay the debt and costs, in case the judgment shall  be  affirmed, on the trial of the appeal."(1)   What is the object of this requirement, and what its meaning and intention ?  Manifestly to secure the opposite party in his debt and costs, in case the judgment shall not be reversed ; in case he shall be, in the Circuit Court, the successful party.   By a dismissal of the appeal, either by the Court, or by the act of the appellant himself, the appellee is the successful party ; he has not lost what he gained before the magistrate.   He is placed in the same situation he occupied before the appeal was taken ; and we see no propriety in attributing to such a judgment of dismissal less efficacy than to a more formal and technical one of affirmance.   In this there is no error.

(1) R. L. 395; Gale's Stat. 409.

McConnel *v.* Swailes.

As to the second and third errors assigned, it is manifest, that the judgment is informally entered, and would, in its terms, subject the party to the payment of one hundred and fifty-nine dollars and ninety-six cents, instead of fifty-nine dollars and ninety-six cents, the true amount of the recovery to be collected by execution.

In entering up a judgment on a bond of this, and of like character, in an action of debt, it should be for the debt *in numero*, the penalty to be discharged by the payment of the damages actually assessed, either by the jury or the clerk, upon the breaches assigned. The execution issues for the debt, with the endorsement of the clerk, of the damages assessed, and which amount only, so endorsed, the officer can collect. (1)

This error, however, might be corrected in this Court, and would be, was it not that, in the first assignment, an error is pointed out which has been decided by this Court to be fatal.

In the case of Kimmel *v.* Shults *et al.*,(2) it was ruled, that where a suit is brought against several joint debtors, and all are served with process, judgment must be recovered against all or none, unless one or more of the defendants interpose a defence which is personal to himself, such as infancy or bankruptcy. The obligation, in this case, was, by force of our statute, joint and several, and the obligors might have been proceeded against separately, and the judgment against one would then have been valid. They are, however, sued jointly, and judgment is rendered only against one, although the debt is the debt of each. The same point has been ruled by this Court in the case of Hoxey *v.* Macoupin County,(3) decided at December term, 1839, and it is too well settled to be now disturbed. It does not appear, from the record, that Parsons made any defence ; judgment should, therefore, have been entered against him by default.

For this error, the judgment is reversed, with costs, and the cause remanded to the Circuit Court of Morgan County, with directions to render judgment against both defendants.

*Judgment reversed.*

*Note.* See Russell *et al. v.* Hogan *et al.*, 1 Scam. 552; Teal *v.* Russell, *et al.*, *Ante* 321.

(1) R. L. 490; Gale's Stat. 532.     (2) Breese 128.     (3) *Ante* 36.