DANIEL TOLMAN, impleaded, &c., plaintiff in error, *v.* HENRY SPAULDING, defendant in error.

*Error to Madison.*

It is well settled, that in actions *ex contractu*, against several, the plaintiff, to entitle himself to recover, must prove a promise as to all of the defendants. He is not permitted to take judgment against a part of the defendants, and enter a *nolle prosequi* as to the rest, unless a defence personal to them is interposed.

The entry of a *nolle prosequi* as to a defendant who pleads the general issue, in an action *ex contractu*, against several, discharges all.

(1) R L. 496; Gale's Stat. 529.

THE proceedings in this cause were had at the February term, 1839, of the Madison Circuit Court, before the Hon. Sidney Breese.

The cause was argued *ex parte* by S. STRONG and WM. MARTIN, for the plaintiff in error.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, brought in the Madison Circuit Court, by Spaulding against Tolman, Martin, McDow, and Patterson, upon a joint contract. Process was served only on Tolman and Martin. Martin appeared and pleaded *non assumpsit*, on which plea Spaulding took issue. A jury was sworn to try the issue, and by the agreement of the parties, a juror was withdrawn, the plaintiff submitted to a nonsuit, and the Court rendered judgment against him for the costs. Spaulding then proceeded to take judgment by default against Tolman, a writ of inquiry was awarded, and the jury assessed Spaulding's damages to $127.05, upon which assessment the Court rendered judgment. To reverse this judgment, Tolman brings this writ of error, and now assigns for error,

That the Court erred in rendering a judgment against Tolman, after the plaintiff below had submitted to a nonsuit, upon the trial of the issue between him and the other defendant, Martin.

It is well settled, that in actions *ex contractu*, against several, the plaintiff, to entitle himself to recover, must prove a promise as to all of the defendants; and he is not permitted to take judgment against a part of the defendants, and enter a *nolle prosequi* as to the rest, unless a defence personal to them is interposed. (1)

The entry of a *nolle prosequi* as to a defendant who pleads the general issue, in an action *ex contractu*, against several, discharges all. (2)

In this case, no defence personal to the defendant, Martin, being interposed, the plaintiff was bound to show the joint liability of all the parties sued; and failing to do so, and submitting to a nonsuit as to one, he is estopped from proceeding further.

The entry of the nonsuit is an admission that he cannot recover against all, and it ends the suit as to all the parties.

The judgment of the Circuit Court against the plaintiff in error, is, therefore, reversed with costs.

*Judgment reversed.*

*Note.* See Russell et al. *v.* Hogan et al., 1 Scam. 552; Teal *v.* Russell et al., 2 Scam. 321; McConnel v. Swailes, *Ibid.* 572.

(1) 1 Chit. Plead. 51; 20 Johns. 123.
(2) Tidd's Pract., 9th ed., 682 and 896; 3 Cowen 374.