GEORGE S. DOUGLAS

v.

ESTHER J. NEWMAN.

1. AMENDMENTS—NOT TO MAKE A NEW CASE AGAINST NEW PARTIES.— The case as tried before the magistrate and as entered in the Circuit Court, was a trial of right of property between appellee and R. and H. In the Circuit Court, appellee was permitted to amend by changing the form of action to replevin, and dismissing as to all the defendants to the original suit, and substituting new parties defendant. *Held,* that amendments may be allowed to the extent of discontinuing as to any joint plaintiff or defendant, and changing the form of action, so long as one or more of the original plaintiffs and defendants remain parties, but no amendment on appeal can be permitted which makes an entirely new case against new parties to the record.

2. CHANGE TO REPLEVIN—WRIT MUST ISSUE.—On changing the action to replevin, judgment was rendered against appellant without the issue or service upon him of any writ, or the entry of his appearance in the case. This was error. He was entitled to the issuance of a writ and a bond as provided by statute before the property could be taken from him.

APPEAL from the Circuit Court of Cass county; the Hon.

CYRUS EPLER, Judge, presiding.   Opinion filed January 13, 1880.

Mr. A. E. DEMANGE, for appellant; that instructions should be based on the evidence, cited Frantz v. Rose, 89 Ill. 594; Martin v. Johnson, 89 Ill. 538; City of Freeport v. Isbell, 83 Ill. 440.

That the husband is the head of the family: Van Doran v. Marden, 48 Iowa; Whalen v. Cadman, 11 Iowa, 226; McMasters v. Alsop, 85 Ill. 157.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellee; upon the right to amend, cited Rev. Stat. 1874, 778.

Without personal appearance of the defendant before the justice or service by summons, the judgment was void: Evans v. Pierce, 2 Scam. 468; Bines v. Proctor, 4 Scam. 174; Bliss v. Harris, 70 Ill. 343.

DAVIS, P. J.   This was a proceeding commenced originally before a justice of the peace, by appellee, against J. S. Roush and John F. Humphreys, to try the right of property to certain property claimed by appellee, which had been levied on under an execution issued against her, in favor of Roush & Humphreys.   The justice gave judgment in favor of the claimant and defendants appealed to the circuit court.

In that court, a motion was made by defendants to dismiss the suit, for the reason that the claimant was the defendant in the execution, under which the levy was made.

This was met by a cross motion by appellee for leave to amend the writ and change the form of action to replevin. The cross-motion was sustained, the action changed to replevin and George S. Douglas made the sole defendant, and the motion to dismiss the suit, made by the original defendants, overruled.   An affidavit in replevin was then filed by appellee, whereupon appellant moved to dismiss the suit, because no writ of replevin had been issued and served upon him.   This motion was overruled and an exception taken by appellant."   A jury was then called and the case tried, but the jury being unable to agree, were discharged and the case continued to another term, when a verdict was given for appellee, and on overruling a motion for a new trial, the court rendered the following judg-

ment against appellant: "It is therefore ordered and adjudged by the court that the said property in said plaintiff's writ mentioned, be, and is hereby replevied, and that said plaintiff have and retain possession of the same, and that plaintiff have and recover of defendant her costs."

To reverse this judgment the appeal is taken.

The only questions we have passed upon, are those arising on the several motions made by the parties. The case as tried before the magistrate, and as it first appeared in the Circuit Court, was a trial between appellee and J. S. Roush and John F. Humphreys. On the motion made to dismiss the suit, the court below permitted the appellee to amend by changing the form of action to replevin, and discontinuing as to all defendants to the original suit, and substituting an entirely new party as a defendant to the new action. This was error. A court may permit amendments to be made to the extent of discontinuing the action as to any joint plaintiff or joint defendant, and changing the form of action, so long as any one or more of the original plaintiffs and defendants remain parties to the action, but no amendment can be permitted on appeal which will make an entirely new case against entirely new parties to the record.

Another error committed by the court below was in overruling the motion of appellant to dismiss the new action of replevin against him for want of a writ of replevin and a service of the same upon him. Appellant had not been served with process in the new suit, nor was he a party to the old one, and in no way had he entered his appearance in either proceeding. He was entitled to the issuance of a writ in the new case, so that before the property could be taken from him a bond could be required from appellee, as provided by the statute. Until the property had been taken from him under the writ, there was no case before the court for trial. The court below also erred in taxing all the costs against appellant. He was clearly not liable, in any event, for the costs made before the magistrate in the proceeding to which he was not a party. The judgment must be reversed and the cause remanded.                          Judgment reversed.