**William Leisteko, Plaintiff in Error, v. Harry Smith et al., Defendants in Error.**

**Gen. No. 5,644. (Not to be reported in full.)**

Error to the County of Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 15, 1914. Reaffirmed on rehearing December 3, 1914.

### Statement of the Case.

. Proceeding by William Leisteko against Harry Smith and H. S. Roberts by distress warrant to recover three hundred dollars claimed to be due as rent for certain land described. The warrant was served

by seizing certain chattels, and a summons was issued and served on each of the defendants who thereafter gave bond releasing the chattels from the levy. The defendants filed a plea of the general issue and a notice of certain set-offs. At the trial the court directed a verdict for the defendants, which was rendered. A motion for a new trial was denied and the defendants had judgment. To reverse the judgment, plaintiff prosecutes a writ of error.

A former judgment against the landlord was before the Appellate Court in *Leisteko v. Smith,* 160 Ill. App. 170.

ALFRED E. CASE and C. T. HEYDECKER, for plaintiff in error.

E. M. RUNYARD, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 375*—*nature of distress warrant.* A distress warrant is a suit at law for rent and, is governed by the common rules of pleading and by our Practice Act, except that the distress warrant stands as a declaration.

2. PLEADING, § 104*—*right to file inconsistent pleas.* Inconsistent pleas are permitted in this State, except that a plea in bar of the entire declaration cannot be filed with a plea of tender.

3. PLEADING, § 400*—*effect on issues when plea does not deny joint liability.* Notwithstanding joint liability has not been denied by plea, the evidence must show that each defendant is liable in order to entitle the plaintiff to a judgment against any one of them in an action *ex contractu.*

4. PLEADING, § 400*—*effect of plea of set-off on issue of joint liability.* In a suit at law against several defendants alleging a joint liability for a debt, the fact that the defendants filed a plea of set-off does not obviate the necessity of proving them all liable where they also pleaded the general issue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. TRIAL, § 83*—*when request for leave to reopen case for further evidence properly refused.* Where in a suit against two defendants jointly for rent, the plaintiff, after having closed his case without proving the debt was still unpaid and without any evidence to prove that one of the defendants owed anything, asked leave to reopen his case for the purpose only of proving that the alleged sum was still unpaid, *held* that the court did not err in refusing leave.

6. JUDGMENT, § 192*—*right to judgment against joint defendant in actions ex contractu.* In a suit at law against several defendants alleging a joint liability for a debt, and all are served with process, the plaintiff in order to recover, must prove a case against all the defendants or else he must dismiss as to those whom he cannot prove liable and amend his declaration by striking out so much thereof as charges that the dismissed party was liable; otherwise, if he fails to prove a case against any one of the defendants, his suit fails.