Teich et al. v. Ayer, 213 Ill. App. 41.

## Max L. Teich and Carl C. Roessler, Defendants in Error, v. Edward H. Ayer, Plaintiff in Error.

## Gen. No. 24,055.

1. LANDLORD AND TENANT, § 300*—*when assignor of lease liable on guaranty irrespective of deposit*. Where the assignor of a lease makes a deposit and gives a written guaranty to the lessors to secure payment of the rent by the assignee throughout the term of the lease and a default occurs before the expiration of the term, the lessors are not obliged to apply the deposit to the default, but may sue on the guaranty, and their right so to do is not affected by the fact of their having written the assignor on the occasion of a prior default by the assignee, which was afterwards met, that unless such assignor took care of the matter they would have to apply the amount of the default on his deposit.

2. LANDLORD AND TENANT, § 300*—*what no defense in action against assignor of lease on guaranty of rent*. Where the assignor of a lease deposits with the lessors as security for performance by the assignee a chattel mortgage given by a third person on chattels used by the assignee on the leased premises, it is no defense to an action by the lessors against the assignor to recover on his written guaranty of the performance of the lease by the assignee, that by foreclosing the mortgage on the maturity of the mortgage note they made it difficult, if not impossible, for the assignee to carry on his business on the premises.

3. JUDGMENT, § 192*—*when against all joint defendants necessary in action on contract*. Notwithstanding the statutory provision that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants" (Hurd's Rev. St. ch. 76, sec. 3, J. & A. ¶ 6746), where a plaintiff chooses to sue several defendants jointly in a contract action and they all remain parties throughout the action, plaintiff must have judgment against all or none, and in such case it is error to enter a judgment against one defendant only.

4. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 36*—*when dismissal as to one or more defendants proper*. Under Hurd's Rev. St. ch. 110, sec. 39 (J. & A. ¶ 8576), in an action *ex contractu* against several defendants, a plaintiff may dismiss as to one or more at any time during the trial and before final judgment and proceed to judgment as to those remaining.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5.  JUDGMENT, § 192*—*when against all joint defendants unneces-sary.* The rule that to recover in an action *ex contractu*, a cause of action must be established against all of the defendants and that a dismissal or discontinuance as to one codefendant effects a discontinuance as to the entire action, so as to make a judgment against the remaining defendant or defendants erroneous, does not apply where one is joined as a defendant who is an improper or unnecessary party, nor where the proof shows that one of the defendants is not liable.

6.  APPEAL AND ERROR, § 1703*—*when objection as to variance between pleading and judgment waived.* An objection that after a motion to dismiss as to several of the defendants was allowed there was no amendment of the statement of claim and the suit remained entitled as a suit against all of them, whereas the judgment entered was only against the defendant, who was not dismissed, is waived where no motion in support of it is urged in the trial court.

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1918.   Affirmed.   Opinion filed December 31, 1918.   Rehearing denied January 15, 1919.

EDWARD J. KELLEY, for plaintiff in error.

RYAN, CONDON & LIVINGSTON, for defendants in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an action by lessors for rent under a lease and assignments thereof.   Defendant has sued out this writ of error, following judgment against him for $125, based upon a verdict for the plaintiffs.

The lease under which the rent in question became due was from the plaintiffs to one Lewis, who later assigned it to one Simpson and he in turn to the defendant Ayer.   There was then an assignment of the lease by Ayer to Nick Vrettos and James Ganoukos.   This was on September 16, 1914.   At this time

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ayer entered into a written guaranty of the performance by his assignees of all the covenants of the lease. On June 11, 1915, Vrettos and Ganoukos assigned the lease to Greene, and at this time the defendant joined with Vrettos and Ganoukos in a written guaranty of the performance of all the terms of the lease by Greene.

The evidence showed that Ayer held a note for $400 signed by Vrettos and Ganoukos secured by chattel mortgage on some restaurant fixtures, used by them in the premises here involved. At the time the lease was assigned by Ayer to Vrettos and Ganoukos, he, Ayer, assigned this note and chattel mortgage to the plaintiffs as security for the performance of the covenants of the lease by the assignees, and at the same time Ayer entered into a written agreement with the plaintiffs that, when the mortgage note was paid, they, the plaintiffs, might retain the proceeds as security for the performance of the covenants in the lease by the assignees. It seems that at the same time the defendant Ayer deposited $500 with the plaintiffs as further security for the performance of the covenants of the lease by the assignees, which, the aforesaid agreement provided, was to be retained by the plaintiffs as such security, until the expiration of the lease in April, 1919.

The same agreement further provided that in case it became necessary to foreclose the chattel mortgage, and such foreclosure resulted in a deficiency, Ayer would make up the deficiency, "so, that at all times during the life of the said leases, there shall remain on deposit with the parties of the first part (plaintiffs) cash or securities acceptable to the parties of the first part aggregating the sum of $900."

Greene defaulted in the payment of the rent for March, 1915, and the plaintiffs duly notified Ayer of such default and also advised him that the mortgage note would mature April 1, 1915, at which time $300

would be due, $100 having apparently been paid on it. This notification occurred some time in March. It seems that Greene also defaulted in the payment of the rent for April and May, 1915.

Some time in the latter part of April or the early part of May (the date is not certain from the record), the plaintiffs proceeded to foreclose the chattel mortgage and a bailiff took possession of the restaurant fixtures. Under date of May 13, 1915, the plaintiffs received a check for $300 in payment of the chattel mortgage note, whereupon proceedings to foreclose were discontinued and the bailiff was withdrawn, after having been in possession about 2 weeks.

The plaintiffs received a check for rent amounting to $125 on May 29, 1915. This seems to have been the rent for the month of March. On June 17, 1915, this suit was brought to recover the rent for the months of April, May and June. After suit was started the plaintiffs were paid the amount of the rent for April and May. The judgment recovered represents the rent due for the month of June. The defendant Ayer contends that the judgment against him was erroneous and must be reversed because the plaintiffs should not be permitted to recover for any arrears in rent from him on his contract of guaranty so long as they hold cash as security for any rent not paid, nor after they had said, in the letter notifying him of the default of Greene in the payment of the March rent, that they wished he would take care of the matter, otherwise they would "have to apply this month's rent on the deposit you made at the time we assigned this lease." This point is not well taken. The deposit in question was according to the written agreement of the parties, to secure payment of the rent by the assignee of the defendant, throughout the term of the lease, which was for 4 years beyond the time of this default. The plaintiffs were not obliged to apply this cash deposit to the defaults involved here but they

had a right to do as they did and bring suit on the written guaranty signed by the defendant, nor was the situation changed in any way by the letter they had written.

It is also urged that the default in June was caused by the action of the plaintiffs in foreclosing the chattel mortgage which made it difficult, if not impossible, for the assignee tenant Greene to carry on his business in the premises in question. This is entirely beside the question. The plaintiffs were wholly within their rights in foreclosing the chattel mortgage, and if that action on their part had the result suggested, that cannot affect the question of the rent. This action of the plaintiffs cannot be construed as an act of a landlord interfering with a tenant's possession, thus relieving the tenant from the payment of rent thereafter coming due. The disturbance in the tenant's possession was primarily due to the former tenants' failure to meet a note, secured by a chattel mortgage on the fixtures on the demised premises, and being used at the time by the tenant, in the conduct of his business.

There is a further point involved in this case which seems to us of greater importance. This suit was originally brought against several defendants, including the plaintiff in error, all of them being successive assignees of the lessee. All of the defendants but one were served. One of those served was defaulted and three of them, including the plaintiff in error, entered their appearances and filed affidavits of merits. Upon the trial, the plaintiffs dismissed the suit as to all the defendants except plaintiff in error. The trial then proceeded, resulting, as before stated, in a verdict for plaintiffs, upon which, judgment was entered against plaintiff in error alone.

This is assigned as error, the plaintiff in error contending that in all actions *ex contractu,* the judgment must be against all who are served or appear, or none.

While that proposition may be true under some circumstances, standing alone, it is a very inaccurate statement.

Although our statutes provide that ''all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants'' (Rev. St. Ill. ch. 76, sec. 3, J. & A. ¶ 6746), where a plaintiff chooses to sue several defendants jointly in a contract action, *and they all remain parties throughout the action,* the plaintiff must have a judgment against all of them, or none, and it would be error to enter a judgment against one defendant only. *McConnel v. Swailes,* 3 Ill. 571, 573; *Wight v. Meredith,* 5 Ill. 360; *Dow v. Rattle,* 12 Ill. 373; *Fuller v. Robb,* 26 Ill. 246, 248; *Faulk v. Kellums,* 54 Ill. 188, 191; *Goodale v. Cooper,* 6 Ill. App. 81; *Cooper v. McNeil & Higgins Co.,* 43 Ill. App. 350.

It was early held in this State that in such a case a plaintiff could not dismiss as to any one or more of the defendants and proceed to final judgment against the others. *Archer v. Spillman,* 2 Ill. 553; *Tolman v. Spaulding,* 4 Ill. 13; *Briggs v. Adams,* 31 Ill. 486. But in 1872 our legislature passed a law now found in our Practice Act, ch. 110, sec. 39 (J. & A. ¶ 8576), reading as follows:

''At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense.''

Following the enactment of that statute, our courts have held that in an action *ex contractu* against several defendants, a plaintiff might dismiss as to one or more at any time during the trial and before final

judgment and proceed to judgment as to those remaining. *Cogshall v. Beesley,* 76 Ill. 445; *Black v. Womer,* 100 Ill. 328, 330; *MacLachlan v. Pease,* 171 Ill. 527, 531; *Franklin Life Ins. Co. v. Hickson,* 197 Ill. 117; *Metropolitan Life Ins. Co. v. People,* 209 Ill. 42, 49; *Malleable Iron Range Co. v. Pusey,* 148 Ill. App. 344, 348, affirmed 244 Ill. 184, 200; *Douglas v. Newman,* 5 Ill. App. 518, 520; *Brown v. Tuttle,* 27 Ill. App. 389, 390; *Willoughby v. Brown,* 190 Ill. App. 51; *Leisteko v. Smith,* 190 Ill. App. 313. Our courts have said that the rule which was the law prior to the enactment of section 39 of our Practice Act, namely, that, in order to recover in an action *ex contractu,* a cause of action must be established against all of the defendants, and that a dismissal or discontinuance as to one codefendant effects a discontinuance as to the entire action, so as to make a judgment against the remaining defendant or defendants erroneous, is subject to certain exceptions. One of these exceptions is where one is joined as a defendant in the action who is an improper or unnecessary party. This rule has been applied in cases where the proof showed that one of the defendants was not liable, and in such cases the dismissal of such defendant and the recovery of judgment against the defendant remaining were upheld. *Mayer v. Brensinger,* 180 Ill. 110, 118, 119; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61, 77, 79. In these cases the defendant dismissed out of the case was shown by the proof to be an improper party to the suit. That is not the case at bar, however. The same rule has been applied in an action of debt against the principal and sureties upon a guardian's bond in which, during the trial, the suit was dismissed by the plaintiff as to the principal on the bond and one of the sureties, and judgment rendered against the other surety alone. *Kaspar v. People,* 230 Ill. 342. In upholding that action our Supreme Court pointed out the section of our Practice Act permitting amend-

ments, and further said: "The appellant (who was the defendant remaining in the case, after the suit had been dismissed as to the others) could have been sued alone upon said bond, had the appellee seen fit to have thus sued him. * * * If the appellant could have been sued alone in the first instance upon said bond, then the guardian, Josef Lurie, and the appellant's co-obligor, Joseph Babka (the principal and cosurety on the bond,—the two defendants as to whom the suit had been dismissed), were not necessary parties, and under the section of the Practice Act above referred to, a joint suit having been brought against Josef Lurie, Joseph Babka and the appellant, the appellee had the right to dismiss as to Josef Lurie and Joseph Babka at any time prior to final judgment, and to take judgment against appellant alone." This is precisely the situation in the case at bar. All of the defendants dismissed out of the case on plaintiffs' motion were *unnecessary parties* to the suit.

It was not error to allow the motion to dismiss the suit as to them nor thereafter to enter judgment against appellant, the remaining defendant, alone.

After the trial court allowed the plaintiffs' motion to dismiss as to all defendants except the plaintiff in error, there was no amendment of the statement of claim, and the suit remained entitled as a suit against all the original defendants, whereas the judgment entered was against plaintiff in error alone. Such variance as might be said to result from that situation was waived by plaintiff in error in failing to urge it in support of any motion in the trial court. *Mayer v. Brensinger, supra,* p. 118. Had the point been raised, it could of course have been cured by proper amendment of the statement of claim.

Finding no error in the record, the judgment of the Municipal Court is affirmed.

*Affirmed.*