Corn Planter Refining Company, Appellee, v. George R. Jenkins & Company, Appellant.

Gen. No. 24,795.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 11*—*right to dismiss as to one or more defendants in action ex contractu.* In actions *ex contractu* against several defendants, a plaintiff may dismiss as to one or more at any time during the trial and before final judgment and proceed to judgment as to those remaining.

2. APPEAL AND ERROR, § 438*—*when variance waived.* Variance between the declaration as originally filed and the evidence, by reason of the dismissal of the suit as against one of the defendants, will be deemed on appeal to have been waived where no point is made in regard thereto during the trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

140    APPELLATE COURTS OF ILLINOIS.

Corn Planter Refining Co. v. G. R. Jenkins & Co., 217 Ill. App. 139.

3. PLEADING, § 431*—*when dismissal as to all but one defendant without amending declaration charging joint liability constitutes a variance.* Where a declaration in an action against several defendants charges a joint liability and breach of contract but, before judgment, plaintiff dismisses as to all defendants save one, without amending the declaration, and the remaining defendant raises the question of variance, and the verdict is against the remaining defendant only, it is error to overrule such defendant's motion for a new trial.

4. CONTRACTS, § 350*—*when counts charge joint liability.* Even though counts in the declaration in an action for breach of contract allege that plaintiff had bargained with "the defendants, and each of them," where they further allege that the bargain was "to buy of the defendants and the defendants then and there sold to the plaintiff * * * and the defendants then and there agreed with the plaintiff to deliver," and they further allege that "the defendants did not * * * deliver * * * but refused so to do, and the plaintiff, at the request of the defendants, extended the time for delivery * * * the defendants again failed," etc., to make delivery, such counts are joint and not joint and several.

5. SALES, § 73*—*when modification of contract not shown.* In an action to recover for breach of a contract for the sale of gasoline, evidence examined and *held* insufficient to establish an agreement modifying the terms of the contract as to the time of delivery so as to have it include the succeeding month, but merely to show an offer to that effect by plaintiff, a counter offer by defendant to deliver as fast as it was able to and a rejection of such counter offer by plaintiff as "absurd."

6. SALES, § 377*—*measure of damages for nondelivery of full amount bargained for.* Where a contract by which defendant agrees to sell plaintiff gasoline provides for the delivery of twelve cars in July and defendant delivers only one, and for the delivery of thirteen cars in August and defendant delivers four, the most which defendant can be required to pay plaintiff in damages is the difference between the contract price for eleven cars and the market price on July 31 and the difference between the contract price for nine cars and the market price on August 31, and evidence as to the price of gasoline on subsequent dates is irrelevant.

7. SALES, § 376*—*what is purchaser's measure of damages on breach by seller.* On a breach of a contract of sale by the seller, the buyer is entitled to recover the actual damages he has sustained and no more.

8. SALES, § 381*—*duty to mitigate damages on breach of contract by other party.* When the seller under a contract for the sale

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of gasoline begins to fail to ship as directed under the contract, it was the purchaser's duty, under the evidence in this case, to do all he reasonably could to mitigate the loss and, to that end, to buy the necessary gasoline elsewhere, even though the time in which the seller could deliver under the contract had not expired.

9. SALES, § 382*—*measure of damages for nondelivery where buyer purchased elsewhere.* In an action by the purchaser for breach of a contract for the sale of gasoline by the terms of which defendant was to deliver a certain number of cars in a stated month f. o. b. Chicago, but delivered only a part, where it appears that plaintiff purchased gasoline needed to supply the deficit, the proper measure of damages is the difference between the contract price and the market price on the last day of such month, f. o. b. Chicago, except as to such cars as it purchased elsewhere in that month, by reason of defendant's failure to deliver, and as to those cars, plaintiff can only recover the difference between the contract price and the market price f. o. b. Chicago, on the dates of such purchases or the difference between the contract price and the price at which it actually purchased, if that was less than the market price.

10. SALES, § 371*—*who has burden of proving damages from nondelivery.* In an action by a purchaser to recover damages for a breach of contract for the sale of gasoline, while it is proper for the seller to show, as affecting the damages recoverable by the purchaser, that the latter purchased gasoline elsewhere, the burden is on the purchaser to establish its damages properly by showing what the purchases were and the prices paid.

11. SALES, § 133*—*liability for nondelivery caused by car shortage.* The seller of a specific quantity of merchandise f. o. b. cars at a given point who fails to deliver as agreed is liable in damages for his breach, though it may be caused by a shortage of cars making it difficult or even impossible to obtain them, the agreement to deliver being unconditional.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed March 18, 1920.

WALTER A. BRENDECKE, for appellant.

FREDERICK A. BANGS, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

142        APPELLATE COURTS OF ILLINOIS.

Corn Planter Refining Co. v. G. R. Jenkins & Co., 217 Ill. App. 139.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This was an action for breach of contract, wherein the plaintiff recovered a judgment for $5,014.31, from which the defendant has perfected this appeal. The plaintiff originally brought suit against George R. Jenkins, trading as George R. Jenkins & Company, and Consumers Mutual Oil Company, a corporation. Before the declaration was filed, plaintiff amended its *præcipe* by adding George R. Jenkins & Company, a corporation, as a party defendant. After the declaration was filed, the suit was dismissed as to George R. Jenkins, trading as George R. Jenkins & Company. Later the plaintiff filed additional counts as to the remaining two defendants. The contract declared on was entered into between the plaintiff and George R. Jenkins & Company, a corporation, but before suit was commenced, plaintiff discovered that George R. Jenkins & Company was acting for an undisclosed principal which was the other defendant, Consumers Mutual Oil Company. The issues were submitted to a jury and they found for the plaintiff as against both defendants but before judgment was entered the suit was dismissed, on plaintiff's motion, as to the Consumers Mutual Oil Company, following which judgment was entered on the verdict against the sole defendant remaining, George R. Jenkins & Company, a corporation, appellant here.

In an action *ex contractu* against several defendants, a plaintiff may dismiss as to one or more at any time during the trial and before final judgment and proceed to judgment as to those remaining. *Teich v. Ayer,* 213 Ill. App. 41, and cases there cited. Appellant made no point during the trial that there was a variance between the declaration as originally filed and the evidence, by reason of the dismissal of the suit as against George R. Jenkins, trading as George R. Jenkins & Company, and must, therefore, be deemed to have

waived it. *Mayer v. Brensinger,* 180 Ill. 110; *Teich v. Ayer, supra.* Furthermore, after such dismissal, a number of additional counts were filed, declaring against the two remaining defendants alone. However, when the motion of plaintiff to dismiss the suit as against the Consumers Mutual Oil Company was allowed, appellant, then the only remaining defendant, immediately made the point of a variance, the declaration charging a joint liability and breach of the contract and the verdict standing against one defendant only. In that situation, we are of the opinion that it was error, in the absence of an appropriate amendment of the declaration, to overrule appellant's motion for a new trial and enter judgment against it alone. This was an action in the circuit court of Cook county, in which formal written pleadings are necessary, under our practice. All the counts in the declaration alleged a joint liability. The last two filed did allege, as appellee points out, that the plaintiff had "bargained with the defendants, and each of them," but they go on to allege that the bargain was "to buy of the defendants and the defendants then and there sold to the plaintiff * * * and the defendants then and there agreed with the plaintiff to deliver," and they further allege that "the defendants did not * * * deliver * * * but refused so to do, and the plaintiff, at the request of the defendants, extended the time for delivery * * * the defendants again failed, refused and neglected to make delivery * * *." We consider these joint counts and not joint and several, as appellee contends.

But there is further error in the record which, in our opinion, necessitates a reversal of this judgment. The contract was one for the sale and delivery f. o. b. Chicago of twenty-five cars of gasoline,—twelve in the month of July and thirteen in the month of August. Only one was delivered in July and four in August. Appellee contends that there was an extension

144    Appellate Courts of Illinois.

Corn Planter Refining Co. v. G. R. Jenkins & Co., 217 Ill. App. 139.

of the contract into September and a definite refusal of appellant on September 16 to make further deliveries, and therefore the measure of damages is the difference between the contract price and the market price, on that date, on the amount called for by the contract and not delivered. We are of the opinion that the evidence shows no extension of the contract as contended. On August 28, appellee wrote appellant, saying, in part: "As Tuesday, the 31st, will be the last day for your people to deliver the goods to make up this contract, we wish to advise you that we will have to charge you with the difference between the market price and the price at which we purchased for any amount that is undelivered after the 31st." Under date of September 2, appellant replied saying: "our party stands ready to, as a matter of courtesy, fill the balance of the order, but only with the understanding that no claims will be allowed for differences." In reply to that letter, appellee wrote under date of September 4, saying in part: "We will offer this change in the contract, viz.: Your parties can ship the balance of the gasoline during this month at the rate of one car per day and we can use the goods if this is done, but we do not want the shipments spread off into October and November for we will have plenty of gasoline of our own at the time. We want you to advise us not later than Thursday of next week, just exactly what we can count on * * *." Appellee wrote appellant another letter under the same date that they were twenty cars short "and we will have to charge you with the difference between the present market price and the price of purchase and as the market today on this product is 10½c per gallon, we will send you a bill for the difference. If there is anything that you have to say in regard to the transaction, we would be pleased to hear from you by return mail." On the same day appellant wrote appellee, referring the latter to appellant's letter of the 2nd, and saying: "Our

principal advises that, as a matter of courtesy, he is willing to make shipment as fast as he is able to and if you desire to have same made with the above understanding, please advise.'' On the 6th, appellee replied calling appellant's proposition ''absurd,'' as shipments might be extended over a period of a year or two and said: ''We either want the goods or settlement and we will put it up to you as to whether you will make the shipment within thirty days, or adjust with us for the difference.'' Under date of the 9th, appellant again wrote appellee, repeating the offer that its principal would ''deliver under the contract as fast as he is able to'' and asking how many cars appellee considered due it under the contract, and adding that the offer of shipment was being made ''without any prejudice to the rights of any party.'' On the 11th, appellee wrote appellant, saying: ''We note the position that your refiner takes in regard to deliveries and that he will make them as fast as he is able. You understand, of course, that this is not at all in line with our understanding.'' Again appellee made the offer contained in its letter of the 4th to take the balance of the gasoline called for by the contract ''during this month.'' Under date of September 16, appellant wrote appellee, saying: ''In your letter, you insisted that the shipments should be made during the month of September. Now, all we can get out of them (their principal) is that, as a matter of courtesy, to us, as they put it, they will make shipments as fast as they are able to and that is the best we can do; this on agreement that the contract is not to be considered as reinstated as it has expired.'' Appellee wrote in reply on the 23rd: ''Your letter received in regard to your considering our contract canceled, and you of course understand that this is not the case. We have turned the matter over to our attorneys and you will please make the adjustment with them.''

,It seems entirely clear that this correspondence did

146    APPELLATE COURTS OF ILLINOIS.

Corn Planter Refining Co. v. G. R. Jenkins & Co., 217 Ill. App. 139.

not effect an agreement between the parties, modifying the terms of their contract as to time of delivery so as to have it include the month of September. That offer was made by appellee and resulted in appellant's counter offer to deliver "as fast as they are able to" which in turn was rejected by appellee as "absurd."

Under the contract, appellant had all of July in which to deliver twelve cars and they delivered only one. They had all of August in which to deliver thirteen cars and they delivered only four. The evidence shows that the market price of gasoline was steadily rising all during that period. The most appellant could be required to pay appellee in damages would be the difference between the contract price for eleven cars and the market price on July 31, and the difference between the contract price for nine cars and the market price on August 31. *Gallum v. Seymour,* 76 Wis. 251. That this would come to less than the amount of the verdict returned by the jury seems not to be controverted. Much of the proof as to the market price submitted by the plaintiff related to the date of September 16, which in our opinion had nothing to do with the situation, inasmuch as no extension of the contract was made.

But there is further error in this record in the matter of damages. On a breach of a contract of sale by the seller, the buyer is entitled to recover the actual damages he has sustained and no more. It appears from the record that appellee was buying the gasoline called for by this contract to supply certain gasoline stations which it maintained, and it gave appellant shipping instructions calling for the consignment of a car of gasoline to each of these stations every few days during the periods covered by the contract. When the appellant began its failure to ship as thus directed, it was the duty of appellee to do all it reasonably could to mitigate the loss (*Armeny v. Madson & Buck Co.,* 111 Ill. App. 621; *Hardwood Lumber Co. v.*

*Adam,* 134 Ga. 821; 35 Cyc. 641), and to that end to buy gasoline elsewhere, with which to supply its stations, and the record shows that this is what it did do.

Under the date of July 30, appellee wrote appellant saying in part: "By chance, we have been able to get them (certain stations appellee had planned to supply with gasoline called for by the contract in question) two or three cars for prompt delivery to prevent them from running out of gasoline at some of the stations, otherwise we would be placed in bad shape." Under date of August 28, appellee wrote appellant, saying in part: "When we found that they (appellant's principal) could not ship them (cars as ordered) we began to buy on the outside to keep the stations running." One Allen testified: "We (appellee) were relying on this oil being furnished at the stations, and when it was not furnished we had to buy to keep the stations going. * * * We did not buy to take the place of this gasoline that was not delivered at these stations. We were buying steadily for those stations. We had to buy to keep them going. * * * We bought on account of the failure of them (appellant and its principal) to deliver * * *. I suppose we bought ten or fifteen tanks each month during the months of July and August when they failed to deliver." Therefore as to the eleven cars that appellant failed to deliver in July, as agreed in the contract, appellee's proper measure of damages was the difference between the contract price and the market price on July 31, f. o. b. Chicago, except as to such cars as it purchased elsewhere in that month by reason of appellant's failure to deliver, and as to those cars, appellee could only recover the difference between the contract price and the market price f. o. b. Chicago, on the dates of such purchases or the difference between the contract price and the price at which it actually purchased, if that was less than the market price. 35 Cyc. 641; *Hercules Coal &*

148 APPELLATE COURTS OF ILLINOIS.

*Mining Co. v. Central Investment Co.,* 98 Ill. App. 427;
*Consolidated Coal Co. of St. Louis v. Block & Hartman
Smelting Co.,* 53 Ill. App. 565; *Long v. Conklin,* 75 Ill.
32. Likewise, as to the nine cars that appellant failed
to deliver in August, as agreed in the contract, appel-
lee's proper measure of damages was the difference
between the contract price and the market price on
August 31, f. o. b. Chicago, except as to such cars as it
purchased elsewhere in that month by reason of appel-
lant's failure to deliver, and as to those cars, appellee
dould only recover the difference between the contract
price and the market price f. o. b. Chicago, on the dates
of such purchases, or the difference between the con-
tract price and the price at which it actually purchased,
if that was less than the market price. Appellee inti-
mates that the burden was on appellant to show what
gasoline appellee purchased elsewhere and the price
paid for it. That is not correct. It was proper for
appellant to show that in fact purchases had been made
by appellee elsewhere, but the burden remained upon
appellee to properly establish its damages by showing
what those purchases were and the prices paid. It is
of course true, as appellee points out, that when these
outside purchases were made by appellee, because ap-
pellant was failing to ship as directed, the time within
which appellant could deliver under the terms of the
contract had not expired. In our opinion that does not
affect the situation. Appellee having purchased the
gasoline under this contract, to supply certain of its
stations, as soon as appellant failed to make deliveries
as instructed, it devolved upon appellee to mitigate
its loss as far as possible by supplying its stations
through purchases elsewhere. If appellant had de-
livered all the cars called for by the contract at the
close of the periods within which it had the right to
deliver, under the terms of the contract, appellee
would have been obliged to receive and accept them
and that situation might have affected the question of

appellee's damages, but that did not occur and the question is therefore not presented.

Appellant contends that under this contract it was only required to make a reasonable effort to procure cars for shipment and if it did make such an effort and was not able to make delivery because of a shortage of cars, it should be excused for its breach. Such is not the law. The seller of a specific quantity of merchandise f. o. b. cars at a given point who fails to deliver as agreed, is liable in damages for his breach, though it may be caused by a shortage of cars making it difficult or even impossible to obtain them, the agreement to deliver being unconditional. *Irwin v. Kelly,* 176 Ill. App. 178, L. R. A. 1916F 37n. The case of *Burt v. Garden City Sand Co.,* 237 Ill. 473, cited by appellant, has no application to the case at bar. In that case there was involved, not a sale of a specific quantity of a given article f. o. b. cars at a specified point, but of the output of defendants' plant for the year, and the Supreme Court, commenting on the fact that in the trial court the jury had been instructed that if appellee was unable to procure cars in which to ship cement, that fact would relieve him from liability for a failure to fill the shipping orders sent him by appellant, said that the trial court was mistaken in its view of the law that appellee was bound to use all reasonable effort to operate his plant for the entire year and to fill all shipping orders sent him by appellant, under the terms of the contract there involved, but if that were the law and appellee was required to try his case upon the theory that it was, then he was only required to make all reasonable effort to make shipments of cement upon orders of appellant, and if he was unable to procure cars in which to make shipments he would be relieved from liability. The decision of the trial court was affirmed because the error of law pointed out was favorable to appellant and had not been made the subject of cross error by appellee.

The facts involved in that case were not at all similar to those presented here.

For the reasons stated, the judgment of the circuit court is reversed and the cause is remanded to that court for a new trial.

<em>Reversed and remanded.</em>

MR. JUSTICES TAYLOR and O'CONNOR concur.