D. L. Sullivan, Defendant in Error, v. John V. Mulvihill and Michael Mulvihill, Plaintiffs in Error.

Gen. No. 8,008.

Opinion filed May 1, 1929.

BARNES, MAGOON & HORTON, for plaintiffs in error; HOWARD H. BAYNE, of counsel.

ELMER MOHAN, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted in the circuit court of LaSalle county by defendant in error, hereinafter called plaintiff, against plaintiffs in error, hereinafter called defendants, and one Mary Mulvihill, for the purchase price of a certain tractor, repairs and supplies. The declaration consisted of the common counts, accompanied by affidavit of claim. Mary Mulvihill was not served. Pleas of the general issue and a plea denying joint liability were filed by each of said defendants, accompanied by affidavit of merits.

At the close of the plaintiff's evidence, a joint motion was made by defendants for a directed verdict. Said motion being denied, separate motions to the same effect were made by each of said defendants. Said motions being denied, defendants made a motion to exclude from the consideration of the jury the evidence

and testimony offered on behalf of plaintiff, assigning as reason therefor that the "declaration charged the contract sued upon was made by John V. Mulvihill, Michael Mulvihill and Mary Mulvihill, and the alleged contract proven and sought to be proven by the testimony and evidence offered by the plaintiff is testified to have been made only with John V. and Michael Mulvihill." Said motion was denied. Similar motions were made by each of said defendants, which motions were denied. Thereupon, leave was given plaintiff to amend said declaration by dismissing Mary Mulvihill as a party defendant. Defendants were given leave, on motion, to file a plea of the statute of limitations to the declaration as amended. A demurrer filed to said plea was sustained, and defendants elected to abide by the same. Thereupon, on motion of defendants, the pleas on file to the original declaration were allowed to stand to the declaration as amended. The same or similar motions were made by said defendants at the close of all the evidence, which motions were denied.

A verdict was returned in favor of plaintiff for $1,585, on which judgment was rendered upon the overruling of the motion for a new trial. To reverse said judgment, this writ of error is prosecuted.

It is first insisted that the court erred in sustaining the demurrer to the plea of the statute of limitations. The assignment, as set forth in the record, abstract and brief, is that the court erred in overruling the demurrer to said plea. Technically, therefore, no error is assigned on the sustaining of the demurrer to said plea, but, as counsel on both sides have treated said assignment as being that the court erred in sustaining said demurrer, we will so consider it.

The general rule at common law was that, under a declaration against two and a joint plea, the plaintiff could not recover without establishing the joint liability. *Mayer v. Brensinger*, 180 Ill. 110–117.

That plaintiff had the right, under section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, to amend his declaration, dismissing therefrom one of the defendants, cannot be questioned.

Counsel representing the defendants practically concede this, but insist that said amendment brought into the suit a new cause of action, viz., a cause of action against the defendants, instead of a cause of action against the defendants jointly with Mary Mulvihill.

Plaintiff amended his declaration, striking the name of Mary Mulvihill as one of said defendants, following the motions in writing of said defendants to direct a verdict for the reason that the evidence tended to show a contract only as against said defendants. The defendants therefore are not in a position to insist that Mary Mulvihill was a necessary party. In this connection, the language of the Supreme Court in *Mayer v. Brensinger, supra,* while based on a somewhat different record, is well worth considering. At page 118 the court says:

"It is also to be observed, that the dismissal of the suit as to Simon Mayer was upon the motion of the defendants, and not upon the motion of the appellee. Where an attorney for joint defendants stipulates for a discontinuance as to one of them, the others, having practically acquiesced, cannot urge the non-joinder in bar of further proceedings. (*Callam v. Barnes,* 44 Mich. 593.) So, here, the appellant cannot rely on a non-joinder when he not only consented to it, but procured it by his own motion." In the same case the court further discusses the exception to the rule requiring the suit to proceed as to all of the defendants sued, and says:

"In the case at bar, as Simon Mayer was merely a clerk of the appellant and without interest in the business carried on by the appellant, he was an unneces-

sary and improper party; and, therefore, the present case clearly falls within the exception to the rule.''

· An examination of the record will disclose that counsel for defendants herein, by cross-examination, attempted to develop that the said Mary Mulvihill was not a party to any contract for the purchase of said tractor. If plaintiff adopted the defendants' theory, and dismissed from said suit or struck the name of Mary Mulvihill from the declaration, defendants cannot now complain that such action was erroneous.

The next question which arises is as to whether the dismissal of Mary Mulvihill from said suit thereby instituted a new cause of action as to said defendants. As stated, following the amendment to said declaration, the defendants procured leave of court to allow the pleas theretofore filed to stand to the declaration as amended.

A dismissal of an unnecessary party defendant does not work a discontinuance in the sense that a new cause of action is created. In an action *ex contractu,* the dismissal of an unnecessary defendant does not effect a discontinuance of the cause of action so as to make a judgment against the remaining defendant or defendants erroneous. *Mayer v. Brensinger, supra,* 118; *Patten v. Iroquois Furnace Co.,* 124 Ill. App. 3; *Teich v. Ayer,* 213 Ill. App. 41–47; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61–77. In *Teich v. Ayer, supra,* the court at page 46 says:

''In 1872 our legislature passed a law now found in our Practice Act, ch. 110, sec. 39 (J. & A. par. 8576), reading as follows:

'' 'At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter either of form or sub-

stance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense.'

"Following the enactment of that statute, our courts have held that in an action *ex contractu* against several defendants, a plaintiff might dismiss as to one or more at any time during the trial and before final judgment and proceed to judgment as to those remaining. *Cogshall v. Beesley*, 76 Ill. 445; *Black v. Womer*, 100 Ill. 328, 330; *MacLachlan v. Pease*, 171 Ill. 527, 531; *Franklin Life Ins. Co. v. Hickson*, 197 Ill. 117; *Metropolitan Life Ins. Co. v. People*, 209 Ill. 42, 49; *Malleable Iron Range Co. v. Pusey*, 148 Ill. App. 344, 348, affirmed 244 Ill. 184, 200; *Douglas v. Newman*, 5 Ill. App. 518, 520; *Brown v. Tuttle*, 27 Ill. App. 389, 390; *Willoughby v. Brown*, 190 Ill. App. 51; *Leisteko v. Smith*, 190 Ill. App. 313. Our courts have said that the rule which was the law prior to the enactment of section 39 of our Practice Act, namely, that, in order to recover in an action *ex contractu*, a cause of action must be established against all of the defendants, and that a dismissal or discontinuance as to one codefendant effects a discontinuance as to the entire action, so as to make a judgment against the remaining defendant or defendants erroneous, is subject to certain exceptions. One of these exceptions is where one is joined as a defendant in the action who is an improper or unnecessary party. This rule has been applied in cases where the proof showed that one of the defendants was not liable, and in such cases the dismissal of such defendant and the recovery of judgment against the defendant remaining were upheld. *Mayer v. Brensinger*, 180 Ill. 110, 118, 119; *Grand Pacific Hotel Co. v. Pinkerton*, 217 Ill. 61, 77, 79."

In *Grand Pacific Hotel Co. v. Pinkerton, supra,* the court at page 77 says:

"The claim here is that, according to the showing of the record, Glennie was served with process, as well as the Grand Pacific Hotel Company, and filed a plea, and that the record, consisting of the process, the pleadings and the judgment; shows that the judgment was defective by reason of having been rendered against the appellant alone, without a dismissal of the suit as to Glennie. The law upon this subject, as contended for by the appellant, may be admitted to be correct, but we do not consider that the showing of the record is such as appellant claims it to be. It is conceded that, if the suit was actually dismissed as to Glennie, the judgment was properly rendered against the appellant alone. Here, the suit could be properly dismissed as to Glennie, and retained as to the appellant, because Glennie was really and in fact an unnecessary party, under the theory upon which the case was tried in behalf of the appellees."

Under the above authorities, it cannot be held on this record that the dismissal of Mary Mulvihill amounted to a discontinuance of said cause of action as to the other defendants. In other words, proceeding against the defendants did not amount to a new cause of action. We have gone into this matter somewhat fully, although, as stated, the assignment of errors does not raise the point.

It is next contended that the court erred in admitting in evidence a letter, purporting to have been written by the defendant John Mulvihill to the plaintiff. The principal contention in this court is that the court erred in admitting said letter in evidence as against both of said defendants, as said defendants were denying joint liability. The counsel here represented both defendants in the trial court. The objection in the trial court to the admission of said letter was that there was no sufficient identification of the same; that the same was improper, incompetent, immaterial and not proper re-

buttal, and that there was no sufficient proof that a letter had been written by the plaintiff to which the letter in question purported to be a reply. The record discloses that the proper foundation was laid in connection with the testimony of the plaintiff that he had written to the defendants. The letter was competent, relevant and material, and was concededly admissible so far as the defendant John Mulvihill was concerned. No objection being made in the trial court that its admission should be limited to him alone, and no instruction having been offered in this connection, the defendants are not in a position to urge in this court for the first time that said letter was not admissible as against the defendant Michael Mulvihill. Without reference, however, to the fact that this point was not raised, we are of the opinion that, under the facts as disclosed by the record, said exhibit was in fact admissible as to both of said defendants.

It is next contended that the court erred in the giving of plaintiff's second instruction. Said instruction states a correct principle of law, and the court did not err in giving the same.

Lastly, it is insisted that the verdict is contrary to the manifest weight of the evidence. In this connection, counsel quote from the record, testimony offered by the plaintiff tending to show that Mary Mulvihill was also jointly liable with the defendants. For the reasons heretofore stated, counsel are not in a position to urge that the verdict is against the manifest weight of the evidence for the reason that it tended to show a contract with Mary Mulvihill also.

Without going into a discussion of the evidence, it is only necessary to say that the verdict is not against the manifest weight of the evidence but is, in our judgment, supported by a preponderance thereof.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*